

L-694        STATE OF HAWAII
OFFICE OF ASSISTANT REGISTRAR
RECORDED
JAN 30, 2006        10:30 AM

Doc No(s) 3384918
on Cert(s) 745,388

/s/ CARL T. WATANABE
ASSISTANT REGISTRAR

20    1/1    Z1

| LAND COURT SYSTEM | REGULAR SYSTEM |
|---|---|

AFTER RECORDATION:   RETURN BY MAIL (X)   PICK UP ( )

Peter Paul Mendel, Esq.
GVEC Resource Inc.
c/o Equity Resource Management Limited
1 Park Plaza, Suite 550
Irvine, California 92614-2594

TG-2005=5765-S    LC

Tax Map Key No. (1) 2-6-010-007          Total Pages: 16

## COLLATERAL ASSIGNMENT OF MORTGAGE, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS, AND FINANCING STATEMENT

THIS COLLATERAL ASSIGNMENT OF MORTGAGE, SECURITY AGREEMENT, ASSIGNMENT OF LEASES AND RENTS, AND FINANCING STATEMENT (this "Assignment") is effective as of this 26th day of January, 2006 (the "Effective Date"), and is by and between STRATEGY INVESTMENTS, LLC, a Florida limited liability company ("Assignor"), and GVEC RESOURCE, INC., an international business company organized under the laws of the British Virgin Islands ("Assignee"). Assignor and Assignee are sometimes referred to individually as a "Party" or collectively as the "Parties" in this Assignment.

### R E C I T A L S :

A.  Simultaneously with the execution and delivery of this Assignment, Assignor has executed and delivered a Promissory Note ("Promissory Note") to Assignee;

B.  Assignor is in possession of that certain Mortgage, Security Agreement, Assignment of Leases and Rents, and Financing Statement executed by SVC-Waikiki, LLC, a Delaware limited liability company, in favor of Assignor, recorded on April 26, 2005 in the Office of the Registrar of the Land Court of the State of Hawaii as Document No. 3258727 and duly noted on Land Court Certificate of Title No. 741,772 (the "Mortgage");

C.  As security for the debt represented by the Promissory Note, and in order to induce Assignor to timely make payments to Assignee under the Promissory Note, Assignor desires to collaterally



assign to Assignee all of Assignor's right, title and interest in and to the Mortgage, subject to the terms and conditions of this Assignment.

NOW, THEREFORE, in consideration of the terms and conditions of this Assignment and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Parties, the Parties agree as follows:

1.  Recitals.  The above listed recitals are true and correct and incorporated as part of this Assignment by this reference.

2.  Collateral Assignment of Assets and Contracts.  Assignor hereby collaterally, presently and unconditionally grants, assigns, transfers, conveys and sets over unto Assignee, as additional security for the Promissory Note and payment and performance of all obligations of Assignor under the Promissory Note, subject to all of the terms, covenants and conditions set forth in this Assignment, all of Assignor's right, title and interest in and to the Mortgage.  Notwithstanding said assignment, Assignor hereby retains the right to issue partial releases of said Mortgage unilaterally, unconditionally, and absolutely, and Assignor may execute such releases without the consent or further consent of the Assignee.  Assignor hereby retains the power to sign such documents and instruments as shall be necessary to make or confirm such releases.

3.  Purpose of Assignment.  Assignor agrees that this Assignment is given by Assignor to Assignee to secure the following in such order of priority as Assignee may elect:

    a.  The repayment of the indebtedness evidenced by the Promissory Note, the terms of which are incorporated as part of this Assignment by this reference, payable to the order of Assignee, together with any applicable interest and penalties and all extensions, renewals, modifications, amendments and replacements of the Promissory Note or terms of the Promissory Note; and

    b.  The performance of each and every of the covenants and agreements of Assignor contained in the Promissory Note.

4.  Performance and Release.  The full repayment of the indebtedness evidenced by the Promissory Note and the performance of all of the obligations set forth in the Promissory Note shall constitute a reassignment by Assignee of the Mortgage to Assignor and termination of this Assignment and all terms and conditions hereof.  Upon the full repayment of the indebtedness evidenced by the Promissory Note and the performance of all of the obligations set forth in the Promissory Note, Assignee agrees to execute, deliver, and record any releases, satisfactions or other documents as may reasonably be requested by Assignor evidencing reassignment by Assignee of the Mortgage to Assignor and termination of this Assignment and all terms and conditions hereof.

5.  Representations and Warranties.  Assignor represents and warrants that Assignor has the right, power and capacity to make this Assignment and that Assignor will not further encumber the Mortgage except as provided by the Promissory Note.

6.  Covenants.

a.  Assignor shall not, without the prior written consent of Assignee: (i) pledge, assign, sell, transfer or encumber the Mortgage.

b.  Assignor agrees, from time to time, to execute and deliver, upon demand, all assignments and any and all other writings as Assignee may reasonably deem necessary or desirable to carry out the purpose and intent of this Assignment, or to enable Assignee to enforce any right or rights under this Assignment.

7.  <u>Events of Default</u>.  The term "Event of Default" as used in this Assignment shall mean the occurrence of any one of the following:

a.  If Assignor shall fail to comply with any of the covenants, duties or obligations of Assignor set forth in this Assignment and such default shall continue for fifteen (15) days or more after written notice to Assignor from Assignee specifying the nature of such default;

b.  If a default shall occur under the Promissory Note and shall not be cured within any applicable curative period as stated in the Promissory Note; or

c.  If any representation or warranty made by Assignor in this Assignment was false or misleading in any material respect when made.

8.  <u>Remedies of Assignee</u>.  Until such time as the Promissory Note and any amounts accrued thereunder are paid in full, upon the occurrence of any Event of Default, Assignee may, at its option, without any action or notice on its part being required, without in any way waiving such default:

a.  take possession of the Mortgage, on such terms and for such period of time as Assignee may deem proper;

b.  whether or not Assignee takes possession of the Mortgage, collect payments under, receive payments under, make demand on, sue for, attach, levy on, recover against, compromise or adjust the Mortgage; and

c.  deduct from Assignor payments made under the Promissory Note, any amounts necessary to recover its costs or expenses incurred by Assignee in exercising its rights and remedies under this Assignment.

10.  <u>Waiver and Discretion</u>.  The failure of Assignee to enforce any of the terms, covenants or conditions of this Assignment shall not be construed or deemed to be a waiver of any rights or remedies of Assignee under this Assignment.  Assignee shall have the full right, power and authority to enforce this Assignment, or any of the terms, covenants or conditions of this Assignment, at any time or times that Assignee shall deem necessary.

11.  <u>Notices</u>.  All notices required to be given by Assignee to Assignor and all notices and demands of any kind or nature whatever which Assignor may be required or may desire to give to or serve

on Assignee shall be in writing and shall be (i) hand-delivered, effective upon delivery, or (ii) sent by a nationally recognized overnight courier, effective one (1) day after deposit with such courier. All notices shall be addressed as follows; provided, however that Assignee and Assignor may change the address for notice purposes up to four (4) times:

<table>
<tr><td>If to Assignor:</td><td>Strategy Investments, LLC<br>200 Yorkland Boulevard<br>Suite 200<br>Toronto, Ontario<br>Canada, M2J 5C1<br>Attn: Sandro Sordi</td></tr>
<tr><td>With a copy to:</td><td>Robert J. Webb, Esq.<br>Baker & Hostetler LLP<br>200 South Orange Avenue<br>Suite 2300<br>Orlando, Florida 32801</td></tr>
<tr><td>If to Assignee:</td><td>GVEC Resource, Inc.<br>c/o Equity Resource Management, Ltd.<br>1 Park Plaza<br>Suite 550<br>Irvine, California 92614-2594<br>United States of America<br>Attn: Todd Gillespie</td></tr>
<tr><td>With a copy to:</td><td>Peter Paul Mendel, Esq.<br>1 Park Plaza<br>Suite 550<br>Irvine, California 92614-2594<br>United States of America</td></tr>
</table>

12. <u>Binding Effect</u>.  This Assignment applies to and binds the Parties and their respective heirs, administrators, executors, successors and assigns.

13. <u>Actions by Assignee</u>.  Assignee may take or release other security, may release any party primarily or secondarily liable for any indebtedness secured by this Assignment, may grant extensions, renewals or indulgences with respect to such indebtedness, and may apply any other security held by it to the satisfaction of such indebtedness, without prejudice to any of its rights under this Assignment.

14. <u>No Election of Remedies</u>.  Nothing contained in this Assignment and no act done or omitted by Assignee pursuant to the powers and rights granted it in this Assignment  shall be deemed to be a waiver by Assignee of its rights and remedies under the Promissory Note, and this Assignment is made and accepted without prejudice to any of the rights and remedies possessed by Assignee under the terms of this Assignment.  The right of Assignee to collect the indebtedness and to

enforce any other security for the indebtedness held by it may be exercised by Assignee either prior to, simultaneously with, or subsequent to any action taken by it under this Assignment.  It is the intent of both Assignor and Assignee that this Assignment be supplementary to, and not in substitution or derogation of, any provision contained in the Promissory Note.

15. Number and Gender and Include.  Whenever the context indicates or requires, the singular name shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders.  The term "include" and similar terms (e.g., includes, including, included, comprises, such as, e.g., and for example), when used as part of a sentence or phrase including one or more specific items, are used by way of example and not of limitation.

16. Choice of Law, Jurisdiction, and Venue.  The interpretation and enforcement of this Agreement shall be governed by and construed in accordance with the laws of the State of Hawaii.  Jurisdiction and venue of any legal action in connection with this Agreement shall be proper only in the State of Hawaii.

17. Severability.  If any one or more of the provisions contained in this Assignment shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision of this Assignment, and this Assignment shall be construed as if such invalid, illegal or unenforceable provision had never been contained in this Assignment, but only to the extent that it is invalid, illegal or unenforceable.

18. Modification.  Except as otherwise provided in paragraph 11, this Assignment may not be amended or modified orally, the Assignment may only be amended or modified by an agreement in writing signed by the party against whom enforcement of any amendment or modification is sought.

19. Costs of Enforcement.  If either Party initiates action to enforce its rights under this Assignment, the prevailing Party shall recover from the non-prevailing Party its reasonable expenses, court costs and reasonable attorneys' and paralegals' fees, whether suit be brought or not.  As used in this Assignment, expenses, court costs and attorneys' and paralegals' fees include expenses, court costs and attorneys' and paralegals' fees incurred in any appellate proceeding.  All such expenses shall bear interest at the highest rate allowable under Hawaii law from the date the prevailing Party pays such expenses until the date the non-prevailing Party repays such expenses.  Expenses incurred in enforcing this Paragraph shall be covered by this Paragraph.  For this purpose, the court shall be and is requested to award actual costs and attorneys' and paralegals' fees incurred by the prevailing Party, it being the intention of the Parties that the prevailing Party be completely reimbursed for all such costs and fees.  The Parties request that inquiry by the court as to the fees and costs be limited to a review of whether the fees charged and hourly rates for such fees are consistent with the fees and hourly rates routinely charged by the attorneys for the prevailing Party.

20. Waiver of Jury Trial.  ASSIGNOR AND ASSIGNEE, FOR THEMSELVES AND THEIR SUCCESSORS,  PERSONAL  REPRESENTATIVES  AND  ASSIGNS  KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ALL RIGHTS EITHER MAY HAVE NOW OR IN THE FUTURE TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION,

INCLUDING ANY COUNTERCLAIM, CROSS CLAIM OR THIRD PARTY CLAIM, BASED ON THIS ASSIGNMENT OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS ASSIGNMENT OR THE PROMISSORY NOTE, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS RELATED TO THIS ASSIGNMENT. NEITHER ASSIGNOR NOR ASSIGNEE (NOR THEIR SUCCESSORS, PERSONAL REPRESENTATIVES OR ASSIGNS) WILL SEEK TO CONSOLIDATE ANY SUCH ACTION, IN WHICH A JURY TRIAL HAS BEEN WAIVED, WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT OR HAS NOT BEEN WAIVED. ASSIGNEE REPRESENTS AND ACKNOWLEDGES THAT THE PROVISIONS OF THIS PARAGRAPH HAVE BEEN FULLY DISCUSSED BY ASSIGNOR AND ASSIGNEE, THAT ASSIGNOR AND ASSIGNEE WERE ABLY REPRESENTED BY LICENSED COUNSEL IN THE NEGOTIATION OF THIS PARAGRAPH, THAT IT BARGAINED AT ARMS LENGTH AND IN GOOD FAITH AND WITHOUT DURESS OF ANY KIND FOR THE TERMS AND CONDITIONS OF THIS PARAGRAPH AND THAT THE PROVISIONS OF THIS PARAGRAPH SHALL BE SUBJECT TO NO EXCEPTIONS. THIS PROVISION IS A MATERIAL INDUCEMENT FOR ASSIGNOR ENTERING INTO THIS ASSIGNMENT AND THE PROMISSORY NOTE.

**IN WITNESS WHEREOF**, the Parties have executed this Assignment as of the Effective Date.

"Assignor"

Strategy Investments, LLC

By: _____
    Sandro Sordi
As its: Manager

"Assignee"

GVEC Resource, Inc.

By: _____
    Name: Robert J. Anderson

As its: Director

STATE OF _CALIFORNIA_

COUNTY OF _ORANGE_                                    SS:

    On this _26th_ day of _JANUARY_, 2006, before me appeared _SANDRA SORDI_, to me personally known, who being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

> TODD BONESTEELE
> COMM. #1540959
> Notary Public-California
> ORANGE COUNTY
> My Comm. Exp. Jan 2, 2009

Name: _TODD BONESTEELE_
Notary Public, State of _CALIFORNIA_
My commission expires: _JANUARY 2, 2009_

STATE OF _CALIFORNIA_

COUNTY OF _ORANGE_                                    SS:

    On this _26th_ day of _JANUARY_, 2006, before me appeared _ROBERT ANDERSON_, to me personally known, who being by me duly sworn or affirmed, did say that such person(s) executed the foregoing instrument as the free act and deed of such person(s), and if applicable, in the capacities shown, having been duly authorized to execute such instrument in such capacities.

> TODD BONESTEELE
> COMM. #1540959
> Notary Public-California
> ORANGE COUNTY
> My Comm. Exp. Jan 2, 2009

Name: _TODD BONESTEELE_
Notary Public, State of _CALIFORNIA_
My commission expires: _JANUARY 2, 2009_

THE CURRENT TCT IS 745,388.

<u>Promissory Note</u>

Amount: U.S. $29,000,000.00                          Date: January 26, 2006

1.  <u>Promise to Pay.</u>  FOR VALUE RECEIVED, Strategy Investments, LLC, a Florida limited liability company ("<u>Maker</u>"), with an address of 200 Yorkland Boulevard, Suite 200, Toronto, Ontario Canada, M2J 5C1, promises to pay to the order of GVEC Resource Inc., an international business company organized under the laws of the British Virgin Islands ("<u>Holder</u>"), at c/o Equity Resource Management Ltd., 1 Park Plaza, Suite 550, Irvine, California 92614-2594 U.S.A., or at such other place as Holder may from time to time designate in writing, in lawful money of the United States of America, and in immediately available funds, the sum of U.S. twenty-nine million dollars (U.S. $29,000,000.00), together with all other amounts added thereto pursuant to this Note ("<u>Loan</u>") (or so much thereto as may from time to time be outstanding) together with interest thereon as set forth in this Note and the Loan Agreement between Maker and Holder and guaranteed by Strategy Resort Financing Inc. and Strategy International Insurance Group, Inc. dated January 24, 2006 ("Loan Agreement").

The repayment of the Loan evidenced by this Note is secured by, among other things, (i) those certain collateral assignments documents as listed on <u>Exhibit "A"</u> to this Note of even date herewith, as amended, modified, or supplemented from time to time in accordance with their terms (collectively, "<u>Assignments</u>"); (ii) interest reserve equal to two years interest set aside and placed with HSBC Securities (USA) Inc.. ("Interest Reserve"); and (iii) a surety bond ("<u>Surety Bond</u>") in the amount of U.S. thirty-one million nine hundred thousand dollars (U.S. $31,900,000). This Note, the Loan Agreement, the Assignments, the Interest Reserve, the Surety Bond and all other documents evidencing or securing the Loan or executed in connection with the Loan, (and any modification, renewal, or extension of any of the foregoing) are collectively the "Loan Documents". All instruments evidencing or securing the indebtedness under the Loan other than this Note are made a part of and are deemed incorporated in this Note in full. Capitalized terms used in this Note and not otherwise defined in this Note have the meanings set forth in the Loan Agreement and the Assignments.

2.  <u>Principal and Interest; Default Interest Rate; Lawful Rate of Interest.</u>

(a)  <u>Principal and Interest.</u>  Interest shall accrue on the principal balance of this Note from time to time outstanding and Maker shall pay interest thereon at a rate equal to ten percent (10%) per annum simple interest ("Interest Rate"). Interest shall accrue daily on the basis of a three hundred sixty (360) day year and charged for the actual number of days elapsed.

(b)  Default Interest Rate.  In the event of a default under this Note or under any of the Loan Documents or any other document related to this transaction, then the Interest Rate from date of such default shall be eighteen percent (18%) (the "Default Interest Rate").

3.  <u>Payments; Application of Payments; Maturity Date.</u>

(a)  <u>Payments.</u>  In accordance with the Payment Grid Schedule attached hereto as Exhibit C, interest at the Interest Rate shall be due on the 24th day of July, 2006, and continuing on the

first day of each semi-annual calendar date thereafter, until the Maturity Date (as defined below), at which time all unpaid accrued interest and other amounts payable hereunder shall be due and payable in full.  Maker may not prepay the loan evidenced by this Note in full or in part at any time, without the consent of Holder, at the Holder's sole discretion.

(b)  Application of Payments.  This Note is secured by the liens, encumbrances, and obligations created by this Note and by the other Loan Documents.  All payments under this Note will be applied to as follows:

(i)  First, to any outstanding costs or fees including, but not limited to, service fees, wire fees, Late Fees, and collection costs Maker is obligated to pay under the Loan Documents;

(ii)  Second, to accrued interest due; and

(iii)  Third, on the Maturity Date, to the outstanding principal balance.

(c)  Maturity Date.  The Loan shall be due and payable on or before January 24, 2009 or any earlier date on which the Loan is required to be paid in full, whether by acceleration or otherwise ("Maturity Date").  Until such time, there shall be no payment of principal hereunder without the written consent of the Holder at the Holder's sole discretion.

4.  Event of Default and Remedies.

(a)  Event of Default.  An "Event of Default" under this Note means

(i)  the failure to pay any payment as and when required under this Note;

(ii)  default under any of the Loan Documents;

(ii)  default under any of the Secured Promissory Notes listed in Exhibit B; or

(iv)  release of any of the Assignments or the Secured Promissory Notes listed in Exhibit B without the written consent of Holder.

(b)  Remedies.  On and during the occurrence of an Event of Default: (i) Holder may, at its option and without notice (such notice being expressly waived), declare the Loan immediately due and payable; (ii) the Default Interest Rate shall be in effect from that time forward, and (iii) Holder may pursue all rights and remedies available under the Assignments and all other Loan Documents.  Holder's rights, remedies, and powers, as provided in this Note and the other Loan Documents, are cumulative and concurrent, and may be pursued singly, successively, or together against Maker, any guarantor of the Loan or the Loan Agreement, the security described in the Loan Documents, and all other security given at any time to secure the payment of this Note, all at the sole discretion of Holder.  Additionally, Holder may resort to every other right or remedy available at law or in equity without first exhausting the rights and remedies contained in this Note, all in Holder's sole discretion.  Failure of Holder, for any period of time or on more than one occasion, to exercise its option to accelerate the Maturity Date shall not constitute a waiver of the right to exercise the same at any time during the continued existence of any Event of



Default or any subsequent Event of Default. No course of dealing between Maker and Holder or any delay on the part of Holder in exercising any rights under this Note shall operate as a waiver of any rights of Holder.

If any attorney is engaged: (i) to collect the Loan or any sums due under the Loan Documents, whether or not legal proceedings are thereafter instituted by Holder; (ii) to represent Holder in any bankruptcy, reorganization, receivership, or other proceedings affecting creditors' rights and involving a claim under this Note; (iii) to protect the liens and security interests of any of the Loan Documents; (iv) to foreclose on the collateral described in any of the Loan Documents; (v) to represent Holder in any other proceedings whatsoever in connection with any of the Loan Documents including, without limitation, post judgment proceedings to enforce any judgment related to the Loan Documents, bankruptcy, and probate proceedings; or (vi) in connection with seeking an out-of-court workout or settlement of any of the foregoing, then Maker shall pay to Holder all reasonable costs, attorneys' fees, and expenses in connection therewith, in addition to all other amounts due under this Note.

5. Waiver. Maker, for itself and all endorsers, guarantors, and sureties of this Note, and their heirs, successors, assigns, and legal representatives, waives presentment for payment, demand, notice of nonpayment, notice of dishonor, protest of any dishonor, notice of protest, and protest of this Note, and all other notices in connection with the delivery, acceptance, performance, default, or enforcement of the payment of this Note, and agrees that their respective liability shall be unconditional and without regard to the liability of any other party and shall not be in any manner affected by any indulgence, extension of time, renewal, waiver, or modification granted or consented to by Holder. Maker, for itself and all endorsers, guarantors, and sureties of this Note, and their heirs, legal representatives, successors, and assigns, consents to every extension of time, renewal, waiver, or modification that may be granted by Holder with respect to the payment or other provisions of this Note, and to the release of any makers, endorsers, guarantors, or sureties, and of any collateral given to secure the payment of this Note, or any part of this Note, with or without substitution, and agrees that additional makers, endorsers, guarantors, or sureties may become parties to this Note without notice to Maker or to any endorser, guarantor, or surety, and without affecting the liability of any of them.

6. Evidence of Indebtedness. This Note is given and accepted as evidence of indebtedness only and not in payment or satisfaction of any indebtedness or obligation.

8. Choice of Law, Jurisdiction, and Venue. This Note shall be deemed to have been made and executed in Orange County, Florida, and this Note shall be interpreted, construed, and enforced in accordance with the laws of the State of Florida without regard to the principles of conflict of laws.

MAKER AGREES THAT ALL ACTIONS OR PROCEEDINGS ARISING DIRECTLY, INDIRECTLY, OR OTHERWISE IN CONNECTION WITH, OUT OF, RELATED TO OR FROM THIS NOTE SHALL BE LITIGATED, AT HOLDER'S SOLE DISCRETION AND ELECTION, ONLY IN COURTS HAVING A SITUS WITHIN ORANGE COUNTY, FLORIDA. MAKER HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY LOCAL, STATE, OR FEDERAL COURT LOCATED WITHIN OR FOR SUCH COUNTY AND STATE. MAKER HEREBY WAIVES ANY RIGHT IT MAY HAVE TO



10

TRANSFER OR CHANGE THE VENUE OF ANY LITIGATION BROUGHT AGAINST IT BY HOLDER ON THE LOAN DOCUMENTS IN ACCORDANCE WITH THIS PARAGRAPH.

7. <u>Severability</u>. If one or more of the provisions of this Note shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provisions of this Note, but this Note shall be construed as if such invalid, illegal, or unenforceable provision had never been contained in this Note.

8. <u>Modification</u>. Except as provided in paragraph 11, this Note shall not be modified, amended, changed, terminated, supplemented, or any term or condition hereof waived except in writing signed by Maker and Holder.

9. <u>Assignment</u>. Maker shall not assign its obligations under this Note without the express written consent of Holder. For purposes of this Paragraph, the term "assign" includes the following if Maker is an entity: (a) any dissolution, merger, consolidation, or other reorganization of Maker; (b) a sale of more than 50% of the value of the assets of Maker; or (c) a sale or other transfer by any of Maker's controlling parties of more than a controlling amount of such party's entity interest in Maker. Holder, however, may assign, transfer, pledge or sell its interest in this Note. On notification of such assignment, Maker shall remit any payments due under this Note directly to the address set forth on the notification.

10. <u>Headings</u>. Headings are for convenience of reference only and shall not be deemed to modify, explain, enlarge, or restrict any of the provisions of this Note.

11. <u>Notices</u>. All notices and other communication required or permitted to be given shall be in writing addressed to the respective party as set forth below and may be personally served or sent by reputable overnight courier and shall be deemed given: (a) if served in person, when served; or (b) if by reputable overnight courier, on the first business day after delivery to the courier (or the date on which the return receipt or courier service confirms that acceptance of delivery was refused by the addressee). Notices shall be sent to the parties at the following addresses; provided, however that Assignee and Assignor may change the address for notice purposes up to four (4) times:

      (i)    To Maker:

      Strategy Investments, LLC
      200 Yorkland Boulevard
      Suite 200
      Toronto, Ontario
      Canada M2J 5C1
      Attention: Sandro Sordi

      With a copy to:

      Robert J. Webb, Esq.
      Baker & Hostetler LLP



200 South Orange Avenue
Suite 2300
Orlando, Florida 32801

(ii)     To Holder:

GVEC Resource Inc.
c/o Equity Resource Management Ltd.
1 Park Plaza, Suite 550
Irvine, California 92614-2594
U.S.A.

With a copy to:

Peter Paul Mendel, Esq.
One Park Plaza, Suite 550
Irvine, California 92614-2594
U.S.A.

(iii)     To Guarantors:

Strategy International Insurance Group, Inc.
200 Yorkland Boulevard, Suite 710
Toronto, Ontario M2J5C1
Canada
Attention:  Stephen F. Stonhill

Strategy Resort Financing, Inc. (Ontario)
200 Yorkland Boulevard
Suite 200
Toronto, Ontario
Canada M2J 5C1
Attn: Sandro Sordi

With a copy to:

Robert J. Webb, Esq.
Baker & Hostetler LLP
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801

12.   <u>Joint and Several Obligations</u>.  The obligations of Maker under this Note are joint and several obligations of Maker and of each Maker, if more than one, each Guarantor, if more than one, and of each Maker's and Guarantor's heirs, personal representatives, successors, and



12

assigns, provided nothing in this Note shall be deemed consent to any assignment restricted or prohibited by the Loan Documents.

13.  Time of Essence.  Time is of the essence of this Note and the performance of each of the covenants and agreements in this Note.

In witness whereof, the undersigned has executed this Note as of the date above first written.

Maker:

STRATEGY INVESTMENTS, LLC,
a Florida limited liability company

By:  Sandro Sordi, Manager

Guarantors:

STRATEGY INTERNATIONAL INSURANCE GROUP, INC.,
a Texas corporation

By: Stephen F. Stonhill, President

STRATEGY RESORT FINANCING, INC.,
an Ontario company

By:  Sandro Sordi, President

13

Exhibit "A"

1.      Collateral Assignment of Mortgage, Security Agreement, Assignment of Leases and
Rents, and Financing Statement between Strategy Investments, LLC, a Florida limited liability
company to GVEC Resource Inc., an international business company organized under the laws
of the British Virgin Islands (Waikiki)

2.      Collateral Assignment of Mortgage by Strategy Resort Financing, Inc., an Ontario
corporation to GVEC Resource Inc., an international business company organized under the laws
of the British Virgin Islands (Mountainside)

3.      Collateral Assignment of Deed of Trust, Security Agreement, Assignment of Leases and
Rents, and Fixture Filing by Strategy Investments, LLC, a Florida limited liability company to
GVEC Resource Inc., an international business company organized under the laws of the British
Virgin Islands (Napa)



14

Exhibit "B"

1.      Secured Promissory Note dated April 20, 2005 made by SVC-Waikiki, LLC, a Delaware limited liability company to Strategy Investments LLC, a Florida limited liability company.

2.      Secured Promissory Note dated July 26, 2005 made by SVC-Mountainside ULC, a Nova Scotia unlimited liability company to Strategy Resort Financing Inc., an Ontario corporation incorporated under no. 002068281.

3.      Secured Promissory Note dated April 20, 2005 made by SVC-Napa, L.P., a California limited partnership to Strategy Investments LLC, a Florida limited liability company

Exhibit C

Payment Grid Schedule

| Date Payment Due | Date Payment Received | Amount | Comments |
|---|---|---|---|
| July 24, 2006 | | $1,450,000.00 | |
| January 24, 2007 | | $1,450,000.00 | |
| July 24, 2007 | | $1,450,000.00 | |
| January 24, 2008 | | $1,450,00,000 | |
| July 24, 2008 | | $1,450,000.00 | |
| January 24, 2009 | | $1,450,000.00 | |
| January 24, 2009 | | $29,000,000.00 | |

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

State of _CALIFORNIA_

County of _ORANGE_

On _26th of JANUARY 2006_ before me, _TODD BONESTEELE, NOTARY PUBLIC_
<span style="display:block;text-align:center;font-size:smaller">Name and Title of Officer (e.g., "Jane Doe, Notary Public")</span>

personally appeared _SANDRO SARDI_
<span style="display:block;text-align:center;font-size:smaller">Name(s) of Signer(s)</span>

☐ personally known to me -OR- ☒ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

```
┌──────────────────────┐
│  TODD BONESTEELE      │
│  COMM. #1540959       │
│  Notary Public-California │
│  ORANGE COUNTY        │
│  My Comm. Exp. Jan 2, 2009 │
└──────────────────────┘
```

WITNESS my hand and official seal.

_____
<span style="display:block;text-align:center;font-size:smaller">Signature of Notary Public</span>

------------------------------------------OPTIONAL------------------------------------------
*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document: _COLLATERAL ASSIGNMENT (WHISLER)_

Document Date: _JANUARY 26, 2006_          Number of Pages: _8_

Signer(s) Other Than Named Above: _____

## Capacity(ies) Claimed by Signer(s)

Signer's Name: _SANDRO SARDI_          Signer's Name: _____

☐ Individual
☒ Corporate Officer
  Titles(s): _____
☐ Partner - ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing:
_STRATEGY RESORT FINANCING, INC._

☐ Individual
☐ Corporate Officer
  Titles(s): _____
☐ Partner - ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing:
_____

RIGHT THUMBPRINT OF SIGNER
Top of Thumb here

RIGHT THUMBPRINT OF SIGNER
Top of Thumb here

*LAND TITLE ACT*
**FORM C**
(Section 233)
**Province of**
**British Columbia**
**GENERAL INSTRUMENT – PART 1**   (This area for Land Title Office use)   PAGE 1 of ___pages

---

| 1. | APPLICATION:  (Name, address, phone number and signature of applicant, applicant's solicitor or agent) |
|---|---|

Goodmans, Barristers & Solicitors, 1900 - 355 Burrard Street, Vancouver, B.C., V6C 2G8
(604) 682-7737

Douglas E. Bolton

---

2.   PARCEL IDENTIFIER(S) AND LEGAL DESCRIPTION(S) OF LAND:*
     *(PID)*                          *(LEGAL DESCRIPTION)*

SEE SCHEDULE

---

3:   NATURE OF INTEREST:*

| *DESCRIPTION* | *DOCUMENT REFERENCE* (page and paragraph) | *PERSON ENTITLED TO INTEREST* |
|---|---|---|
| Assignment of Mortgage No. _____ and Assignment of Rents No. _____ | Entire Instrument | Transferee |

---

4.   TERMS:  Part 2 of this mortgage consists of (select one only)

| (a) | Filed Standard Mortgage Terms | ☐ | D.F. No. |
| (b) | Express Charge Terms | ☒ | Annexed as Part 2 |
| (c) | Release | ☐ | There is no Part 2 of this instrument |

A selection of (a) includes any additional or modified terms referred to in Item 7 or in a schedule annexed to this instrument.  If (c) is selected, the charge described in Item 3 is released or discharged as a charge on the land described in Item 2.

---

5.   Transferor(s):*
**STRATEGY RESORT FINANCING, INC.** (Inc. No. 002068281) of 200 Yorkland Boulevard, Suite 200, Toronto, Ontario M2J 5C1

---

6.   Transferee(s):  (including postal address(es) and postal code(s))*
**GVEC RESOURCE, INC.** (c/o Equity Resource Management Limited) of 1 Park Plaza, Suite 550, Irvine, California 92614-2594

---

7.   Additional or Modified Terms:*  N/A

---

8:   EXECUTIONS(S):**  This instrument assigns, modifies, enlarges, discharges or governs the priority of the interest(s) described in Item 3 and the Transferor(s) and every other signatory agree to be bound by this instrument, and acknowledge(s) receipt of a true copy of the filed standard charge terms, if any.

*✗ SEE ATTACHED*

| Officer Signature(s)  *Acknowledgement* | Execution Date | Party(ies) Signature(s) |
|---|---|---|

STRATEGY RESORT FINANCING, INC.

by its authorized signatory:

| Y | M | D |
|---|---|---|
| 06 | 01 | 26 |

TODD BONESTEELE
COMM. #1540959
Notary Public-California
ORANGE COUNTY
My Comm. Exp. Jan 2, 2009

NAME: _____

NAME: _____

SOLICITORS,  59352, 00003, 101207372.1, Collateral Assignment of Mortgage (Whistler)

LAND TITLE ACT                                                                                    2
FORM E

SCHEDULE
_____

OFFICER CERTIFICATION:  Your signature constitutes a representation that you are a solicitor, notary public or other person authorized by the Evidence Act, R.S.B.C. 1979, c. 116, to take affidavits for use in British Columbia and certifies the matters set out in Part 5 of the *Land Title Act* as they pertain to the execution of this instrument.

2.      PARCEL IDENTIFIER(S) AND LEGAL DESCRIPTION(S):

        (PID)                           (Legal Description)

006-298-192              Strata Lot 3 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-214              Strata Lot 4 District Lots 1902 and 4610 Strata Plan VR. 1026

002-996-413              Strata Lot 5 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-257              Strata Lot 6 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-273              Strata Lot 7 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-290              Strata Lot 8 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-346              Strata Lot 9 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-397              Strata Lot 10 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-419              Strata Lot 11 District Lots 1902 and 4610 Strata Plan VR. 1026

~~006-298-451              Strata Lot 12 District Lots 1902 and 4610 Strata Plan VR. 1026~~

~~006-298-486              Strata Lot 13 District Lots 1902 and 4610 Strata Plan VR. 1026~~

006-298-508              Strata Lot 14 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-541              Strata Lot 15 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-575              Strata Lot 16 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-591              Strata Lot 17 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-613              Strata Lot 18 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-648              Strata Lot 19 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-6664             Strata Lot 20 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-702              Strata Lot 21 District Lots 1902 and 4610 Strata Plan VR. 1026

002-995-816              Strata Lot 22 District Lots 1902 and 4610 Strata Plan VR. 1026

006-298-737              Strata Lot 23 District Lots 1902 and 4610 Strata Plan VR. 1026

LAND TITLE ACT                                                                    3
FORM E

SCHEDULE
_____

| | |
|---|---|
| 006-298-761 | Strata Lot 24 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-298-796 | Strata Lot 25 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-298-834 | Strata Lot 26 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-298-869 | Strata Lot 27 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-298-885 | Strata Lot 28 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-059 | Strata Lot 29 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-075 | Strata Lot 30 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-083 | Strata Lot 31 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-091 | Strata Lot 32 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-121 | Strata Lot 33 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-130 | Strata Lot 34 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-148 | Strata Lot 35 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-172 | Strata Lot 36 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-181 | Strata Lot 37 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-199 | Strata Lot 38 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-211 | Strata Lot 39 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-253 | Strata Lot 40 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 005-260-833 | Strata Lot 41 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 005-502-811 | Strata Lot 42 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-300 | Strata Lot 43 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-334 | Strata Lot 44 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-342 | Strata Lot 45 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-377 | Strata Lot 46 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 003-115-429 | Strata Lot 47 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-393 | Strata Lot 48 District Lots 1902 and 4610 Strata Plan VR. 1026 |

LAND TITLE ACT                                                                          4
FORM E

SCHEDULE

| | |
|---|---|
| 006-299-407 | Strata Lot 49 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-415 | Strata Lot 50 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-440 | Strata Lot 51 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 003-004-341 | Strata Lot 52 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-466 | Strata Lot 53 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 004-581-121 | Strata Lot 54 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-512 | Strata Lot 55 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-547 | Strata Lot 56 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-571 | Strata Lot 57 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-628 | Strata Lot 58 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-652 | Strata Lot 59 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-687 | Strata Lot 60 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-725 | Strata Lot 61 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-733 | Strata Lot 62 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-750 | Strata Lot 63 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-873 | Strata Lot 64 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-903 | Strata Lot 65 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 003-661-091 | Strata Lot 66 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-938 | Strata Lot 67 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-299-989 | Strata Lot 68 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-014 | Strata Lot 69 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-324-223 | Strata Lot 70 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-081 | Strata Lot 71 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-146 | Strata Lot 72 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 003-020-193 | Strata Lot 73 District Lots 1902 and 4610 Strata Plan VR. 1026 |

LAND TITLE ACT
FORM E                                                                                        5

SCHEDULE

| | |
|---|---|
| 006-300-171 | Strata Lot 74 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-197 | Strata Lot 75 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-227 | Strata Lot 76 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-243 | Strata Lot 77 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-278 | Strata Lot 78 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 003-114-198 | Strata Lot 79 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-316 | Strata Lot 80 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-341 | Strata Lot 81 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-383 | Strata Lot 82 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-448 | Strata Lot 83 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-481 | Strata Lot 84 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 002-752-034 | Strata Lot 85 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-511 | Strata Lot 86 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-553 | Strata Lot 87 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 005-994-250 | Strata Lot 88 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-596 | Strata Lot 89 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-642 | Strata Lot 90 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 006-300-677 | Strata Lot 91 District Lots 1902 and 4610 Strata Plan VR. 1026 |
| 010-484-973 | Strata Lot 95 District Lots 1902 and 4610 Strata Plan VR. 1026 |