


One Park Plaza, 5th Floor
Irvine, California 92614
949.757.0977 telephone
949 757 0978 facsimile
www PEMGroup com

January 26, 2006

R. Keith Thompson, Esq.
Owen·Bird
Three Bentall Centre
2900-595 Burrard Street
Vancouver, British Columbia
Canada V7X 1J5

Re: Collateral Assignment of Mortgage (Whistler

Dear Mr. Thompson:

Enclosed please find the Collateral Assignment of Mortgage, Security Agreement, Assignment of Leases and Rents, And Financing Statement made in connection with the loan from GVEC Resource, Inc. to Strategy Investments, LLC.

Please have this document recorded in the public records of the proper jurisdiction immediately upon receipt. I will need certified copies or time and date stamped copies (as available) of these documents to be sent back to me via overnight delivery immediately after recording.

If you have any questions or need any additional information, please feel free to contact me at your convenience. Thank you for your assistance.

Sincerely yours,

Peter Paul Mendel

Enclosures

cc: Sandro Sordi
Daniel Glickstein

Blumberg No. 5137 Exhibit 11

TERMS OF INSTRUMENT - PART 2

THIS ASSIGNMENT dated January 26, 2006

BETWEEN

STRATEGY RESORT FINANCING, INC. (Inc. No. 002068281), a corporation incorporated in the Province of Ontario

(the "**Assignor**");

AND

GVEC RESOURCE, INC., a corporation incorporated in the British Virgin Islands

(the "**Assignee**").

WHEREAS:

THIS COLLATERAL ASSIGNMENT (this "**Assignment**") is effective as of this 26th day of January, 2006 (the "**Effective Date**"). Assignor and Assignee are sometimes referred to individually as a "Party" or collectively as the "Parties" in this Assignment.

RECITALS:

A. Assignor is a sister/subsidiary of Strategy Investments, LLC, a Florida limited liability company ("**Strategy**");

B. Simultaneously with the execution and delivery of this Assignment, Strategy has executed and delivered a Promissory Note in the form attached hereto as Schedule "A" (the "**Strategy Promissory Note**") to Assignee;

C. Assignor is in possession of that certain Mortgage and Assignment of Rents executed by Shell Owner's Association - Pacific, in favour of Assignor, and registered in the Vancouver Land Title Office, British Columbia under Nos. RX285208 and RX285209 (collectively, the "**Mortgage**");

D. Assignor is in possession of that certain Promissory Note dated July 26, 2005 in the amount of $3,500,000 granted by SVC-Mountainside ULC in favour of the Assignor (the "**SVC Promissory Note**")

E. As security for the debt represented by the Strategy Promissory Note, and in order to induce Strategy to timely make payments to Assignee under the Strategy Promissory Note, Assignor desires to collaterally assign to Assignee all of Assignor's right, title and interest in and to the Mortgage and the SVC Promissory Note (collectively, the "**Security**"), subject to the terms and conditions of this Assignment.

NOW, THEREFORE, in consideration of the terms and conditions of this Assignment and other good and valuable consideration, the receipt and sufficiency of which is acknowledged by the Parties, the Parties agree as follows:

1. Recitals. The above listed recitals are true and correct and incorporated as part of this Assignment by this reference.

2. Assignment and Creation of Security Interest. Assignor hereby collaterally, presently and unconditionally grants, assigns, transfers, conveys, sets over and creates to and in favour of the Assignee, a security interest in all of Assignor's right, title and interest in and to the Security, as additional security for the Strategy Promissory Note and payment and performance of all obligations of Assignor under the Strategy Promissory Note, subject to all of the terms, covenants and conditions set forth in this Assignment. Notwithstanding said assignment, Assignor hereby retains the right to issue partial releases of said Mortgage unilaterally, unconditionally, and absolutely, and Assignor may execute such releases without the consent or further consent of the Assignee. Assignor hereby retains the power to sign such documents and instruments as shall be necessary to make or confirm such releases.

3. Purpose of Assignment. Assignor agrees that this Assignment is given by Assignor to Assignee to secure the following in such order of priority as Assignee may elect:

   (a) The repayment of the indebtedness evidenced by the Strategy Promissory Note, the terms of which are incorporated as part of this Assignment by this reference, payable to the order of Assignee, together with any applicable interest and penalties and all extensions, renewals, modifications, amendments and replacements of the Strategy Promissory Note or terms of the Promissory Note; and

   (b) The performance of each and every of the covenants and agreements of Strategy contained in the Strategy Promissory Note.

4. Performance and Release. The full repayment of the indebtedness evidenced by the Strategy Promissory Note and the performance of all of the obligations set forth in the Strategy Promissory Note shall constitute a reassignment by Assignee of the Security to Assignor and termination of this Assignment and all terms and conditions hereof. Upon the full repayment of the indebtedeness evidenced by the Strategy Promissory Note and the performance of all of the obligations set forth in the Strategy Promissory Note, Assignee agrees to execute, deliver, and record any releases, satisfactions or other documents as may reasonably be requested by Assignor evidencing reassignment by Assignee of the Security to Assignor and termination of this Assignment and all terms and conditions hereof.

5. Representations and Warranties. Assignor represents and warrants that Assignor has the right, power and capacity to make this Assignment and that Assignor will not further encumber the Security except as provided by the Strategy Promissory Note.

6. Covenants.

(a) Assignor shall not, without the prior written consent of Assignee: (i) pledge, assign, sell, transfer or encumber the Security.

(b) Assignor agrees, from time to time, to execute and deliver, upon demand, all assignments and any and all other writings as Assignee may reasonably deem necessary or desirable to carry out the purpose and intent of this Assignment, or to enable Assignee to enforce any right or rights under this Assignment.

7. Events of Default. The term "Event of Default" as used in this Assignment shall mean the occurrence of any one of the following:

(a) If Assignor shall fail to comply with any of the covenants, duties or obligations of Assignor set forth in this Assignment and such default shall continue for fifteen (15) days or more after written notice to Assignor from Assignee specifying the nature of such default;

(b) If a default shall occur under the Strategy Promissory Note and shall not be cured within any applicable curative period as stated in the Strategy Promissory Note; or

(c) If any representation or warranty made by Assignor in this Assignment was false or misleading in any material respect when made.

8. Remedies of Assignee. Until such time as the Strategy Promissory Note and any amounts accrued thereunder are paid in full, upon the occurrence of any Event of Default, Assignee may, at its option, without any action or notice on its part being required, without in any way waiving such default:

(a) take possession of the Security, on such terms and for such period of time as Assignee may deem proper;

(b) whether or not Assignee takes possession of the Security, collect payments under, receive payments under, make demand on, sue for, attach, levy on, recover against, compromise or adjust the Security; and

(c) deduct from Strategy payments made under the Strategy Promissory Note, any amounts necessary to recover its costs or expenses incurred by Assignee in exercising its rights and remedies under this Assignment.

10. Waiver and Discretion. The failure of Assignee to enforce any of the terms, covenants or conditions of this Assignment shall not be construed or deemed to be a waiver of any rights or remedies of Assignee under this Assignment. Assignee shall have the full right, power and authority to enforce this

Assignment, or any of the terms, covenants or conditions of this Assignment, at any time or times that Assignee shall deem necessary.

11. Notices. All notices required to be given by Assignee to Assignor and all notices and demands of any kind or nature whatever which Assignor may be required or may desire to give to or serve on Assignee shall be in writing and shall be (i) hand-delivered, effective upon delivery, or (ii) sent by a nationally recognized overnight courier, effective one (1) day after deposit with such courier. All notices shall be addressed as follows; provided, however that Assignee and Assignor may change the address for notice purposes up to four (4) times:

If to Assignor:

Strategy Resort Financing, Inc.
200 Yorkland Boulevard
Suite 200
Toronto, Ontario
Canada, M2J 5C1
Attn: Sandro Sordi

With a copy to:

Robert J. Webb, Esq.
Baker & Hostetler LLP
200 South Orange Avenue
Suite 2300
Orlando, Florida 32801

If to Assignee:

GVEC Resource, Inc.
c/o Equity Resource Management, Ltd.
1 Park Plaza
Suite 550
Irvine, California 92614-2594
United States of America
Attn: Todd Gillespie

With a copy to:

Peter Paul Mendel, Esq.
1 Park Plaza
Suite 550
Irvine, California 92614-2594
United States of America

12. Binding Effect. This Assignment applies to and binds the Parties and their respective heirs, administrators, executors, successors and assigns.

13. Actions by Assignee. Assignee may take or release other security, may release any party primarily or secondarily liable for any indebtedness secured by this Assignment, may grant extensions, renewals or

indulgences with respect to such indebtedness, and may apply any other security held by it to the satisfaction of such indebtedness, without prejudice to any of its rights under this Assignment.

14. No Election of Remedies. Nothing contained in this Assignment and no act done or omitted by Assignee pursuant to the powers and rights granted it in this Assignment shall be deemed to be a waiver by Assignee of its rights and remedies under the Strategy Promissory Note, and this Assignment is made and accepted without prejudice to any of the rights and remedies possessed by Assignee under the terms of this Assignment. The right of Assignee to collect the indebtedness and to enforce any other security for the indebtedness held by it may be exercised by Assignee either prior to, simultaneously with, or subsequent to any action taken by it under this Assignment. It is the intent of both Assignor and Assignee that this Assignment be supplementary to, and not in substitution or derogation of, any provision contained in the Strategy Promissory Note.

15. Number and Gender and Include. Whenever the context indicates or requires, the singular name shall include the plural, the plural the singular, and the use of any gender shall be applicable to all genders. The term "include" and similar terms (*e.g.*, includes, including, included, comprises, such as, e.g., and for example), when used as part of a sentence or phrase including one or more specific items, are used by way of example and not of limitation.

16. Choice of Law, Jurisdiction, and Venue. The interpretation and enforcement of this Agreement shall be governed by and construed in accordance with the laws of British Columbia, Canada. Jurisdiction and venue of any legal action in connection with this Agreement shall be proper only in British Columbia, Canada.

17. Severability. If any one or more of the provisions contained in this Assignment shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity or unenforceability shall not affect any other provision of this Assignment, and this Assignment shall be construed as if such invalid, illegal or unenforceable provision had never been contained in this Assignment, but only to the extent that it is invalid, illegal or unenforceable.

18. Modification. Except as otherwise provided in paragraph 11, this Assignment may not be amended or modified orally, the Assignment may only be amended or modified by the party against whom enforcement of any amendment or modification is sought.

19. Costs of Enforcement. If either Party initiates action to enforce its rights under this Assignment, the prevailing Party shall recover from the non-prevailing Party its reasonable expenses, court costs and reasonable attorneys' and paralegals' fees, whether suit be brought or not. As used in this Assignment, expenses, court costs and attorneys' and paralegals' fees include expenses, court costs and attorneys' and paralegals' fees incurred in any appellate proceeding. All such expenses shall bear interest at the highest rate allowable under British Columbia law from the date the prevailing Party pays such expenses until the date the non-prevailing Party repays such expenses. Expenses incurred in enforcing this Paragraph shall be covered by this Paragraph. For this purpose, the court shall be and is requested to award actual costs and attorneys' and paralegals' fees incurred by the prevailing Party, it being the intention of the Parties that the prevailing Party be completely reimbursed for all such costs and fees.

The Parties request that inquiry by the court as to the fees and costs be limited to a review of whether the fees charged and hourly rates for such fees are consistent with the fees and hourly rates routinely charged by the attorneys for the prevailing Party.

20. Waiver of Jury Trial. ASSIGNOR AND ASSIGNEE, FOR THEMSELVES AND THEIR SUCCESSORS, PERSONAL REPRESENTATIVES AND ASSIGNS KNOWINGLY, VOLUNTARILY AND INTENTIONALLY WAIVE ALL RIGHTS EITHER MAY HAVE NOW OR IN THE FUTURE TO A TRIAL BY JURY IN RESPECT TO ANY LITIGATION, INCLUDING ANY COUNTERCLAIM, CROSS CLAIM OR THIRD PARTY CLAIM, BASED ON THIS ASSIGNMENT OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THIS ASSIGNMENT OR THE NOTE, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS (WHETHER VERBAL OR WRITTEN) OR ACTIONS RELATED TO THIS ASSIGNMENT. NEITHER ASSIGNOR NOR ASSIGNEE NOR THEIR SUCCESSORS, PERSONAL REPRESENTATIVES OR ASSIGNS WILL SEEK TO CONSOLIDATE ANY SUCH ACTION, IN WHICH A JURY TRIAL HAS BEEN WAIVED, WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT OR HAS NOT BEEN WAIVED. ASSIGNEE REPRESENTS AND ACKNOWLEDGES THAT THE PROVISIONS OF THIS PARAGRAPH HAVE BEEN FULLY DISCUSSED BY ASSIGNOR AND ASSIGNEE, THAT ASSIGNOR AND ASSIGNEE WERE ABLY REPRESENTED BY LICENSED COUNSEL IN THE NEGOTIATION OF THIS PARAGRAPH, THAT IT BARGAINED AT ARMS LENGTH AND IN GOOD FAITH AND WITHOUT DURESS OF ANY KIND FOR THE TERMS AND CONDITIONS OF THIS PARAGRAPH AND THAT THE PROVISIONS OF THIS PARAGRAPH SHALL BE SUBJECT TO NO EXCEPTIONS. THIS PROVISION IS A MATERIAL INDUCEMENT FOR ASSIGNOR ENTERING INTO THIS ASSIGNMENT AND STRATEGY ENTERING INTO THE PROMISSORY NOTE.

IN WITNESS WHEREOF, the Assignor has executed the Form C General Instrument, Part 1 to which this Assignment is attached as Part 2 as of the year and day first above written.

**END OF DOCUMENT**