# GVECResource
## Incorporated

May 1, 2006

Stephen J. Stonhill
President
Sandro Sordi
Authorized Signatory
Lou Lettieri
Chief Financial Officer
Strategy International Insurance Group, Inc.
200 Yorkland Boulevard, Suite 710
Toronto, Ontario M2J 5C1
Canada

Re:   Interim Pledge Agreement dated January 26, 2006

Dear Messrs. Stonhill, Sordi, and Lettieri:

In accordance with Paragraph 3 of the Interim Pledge Agreement dated January 26, 2006 ("IPA"), this letter will serve as the 30 day written notice in the event the Obligation, as defined in Paragraph 2 of the IPA is not complied with.

As you are aware, Paragraph 2 of the IPA requires that on or before May 31, 2006 the Financial Guarantee shall be in place, otherwise the Pledgee under the IPA herewith exercises its right in accordance with Paragraph 3 of the IPA and hereby requests that you, as Pledgor under the IPA, effectuate the provisions of Paragraph 3 of the IPA no later than June 1, 2006.

Your cooperation in this matter is much appreciated.

Sincerely yours,

Robert J. Anderson
Director


Exhibit 18

# GVECResource
## Incorporated

May 18, 2006

Stephen J. Stonhill
President
Strategy International Insurance Group, Inc.
200 Yorkland Boulevard, Suite 710
Toronto, Ontario M2J 5C1
Canada

Lou Lettieri
Chief Financial Officer
Strategy International Insurance Group, Inc.
200 Yorkland Boulevard, Suite 710
Toronto, Ontario M2J 5C1
Canada

Sandro Sordi
President
Strategy Resort Financing, Inc.
200 Yorkland Boulevard, Suite 200
Toronto, Ontario
M2J 5C1
Canada

Sandro Sordi
Managing Member
Strategy Investments, LLC
200 Yorkland Boulevard, Suite 200
Toronto, Ontario
M2J 5C1
Canada

Re:   Interim Pledge Agreement dated January 26, 2006

Dear Messrs. Stonhill, Lettieri and Sordi:

This is a courtesy follow-up to our May 1, 2006 letter ("Notice"). As you will recall the Notice, in accordance with Paragraph 3 of the Interim Pledge Agreement dated January 26, 2006 ("IPA"), served as the 30 day written notice required in the event the Obligation, as defined in Paragraph 2 of the IPA, is not complied with.

After today, there remain only 13 days before the Obligation under Paragraph 2 of the IPA, which requires that on or before May 31, 2006 the Financial Guarantee shall be in


Exhibit 19

**GVECResource**
Incorporated

Messrs. Stonhill, Lettieri, and Sordi
Strategy International Insurance Group, Inc.
May 18, 2006
Page 2 of 2

place, is due. Though we have placed calls to Messrs. Stonhill, Lettieri, and Sordi to determine the status, we have not received any replies.

To enable us to make alternative arrangements, we would appreciate the courtesy of advance notice if the Obligation will not be met.

This is also a reminder to Strategy International Insurance Group, Inc. ("SIIG") that the appropriate arrangements need to be taken so that the membership interest of SIIG in, along with all the records of, Strategy Investments LLC ("SILLC") be delivered to us on June 1, 2006, should the Obligation not be met by May 31, 2006.

Should the Obligaton not be met, we will also require SIIG to execute a release of its 100% membership interest in SILLC and provide written assurance that no other person or entity has or has obtained any interest in SILLC.

Sincerely yours,

Robert J. Anderson
Director

cc:   Robert J. Webb, Esq.
      Martin E. Weisberg, Esq.
      John Hamilton
      Sheldon H. Ginsburg
      Craig Goldstein
      Daniel Glickstein, Esq.
      Mike Kelly



**STRATEGY**
International Insurance Group, Inc.

May 24, 2006

By Email and Regular Mail

Mr. Robert J. Anderson
Director
GVECResource Incorporated
C/o Equity Resource Management Ltd.
One Park Plaza, Suite 550
Irvine, CA 92614-2594

Dear Mr. Anderson,

I am in receipt of your letters of May 1, 2006 and May 18, 2006. Reference is hereby made to the Interim Pledge Agreement dated as of January 26, 2006 (the "Pledge Agreement"), between Strategy International Insurance Group, Inc. ("Strategy") and GVEC Resources, Inc. ("GVECR") and the Loan Agreement referred to therein. Capitalized terms used in this letter that are not defined in this letter, shall have the same meanings as they are given to such terms in the Loan Agreement.

It is quite clear from the facts that GVECR breached its obligations to SILLC, as Borrower, and Strategy, as Pledgor, by failing to fund the full amount of the Loan in accordance with the terms of the Loan Agreement. This violation of the Loan Agreement was confirmed and acknowledged in Mr. Anderson's letter of March 22, 2006 to Mr. Lettieri of Strategy, in which Mr. Anderson unequivocally states that a two year's interest reserve (U.S. $5,800,000) and $2,741,250 was not funded but "held back". This alleged "hold back" is a mere euphemism for a breach of a funding obligation which was not honored.

GVECR does not have "clean hands" in this matter, and is estopped from claiming a breach on the part of Strategy. GVECR can not claim a default under the Interim Pledge Agreement (i) for a Loan that was not funded due to its own breach; or (ii) for the failure to provide a Financial Guarantee, when the reason for not being able to provide the Financial Guarantee is a direct result of the failure of GVECR to advance the loan proceeds that all parties know was going to be used to obtain the Financial Guarantee.

Moreover, it is impossible to obtain financial guarantee insurance for more than the amount of the underlying financial obligation (subject to normal accretion). It is GVECR's own breach of the Loan Agreement that makes it impossible to obtain a $31,900,000 Financial Guarantee for an advance of $20,458,750. We all know that GVECR's obligation was to fund $29,000,000, an obligation it knowingly disregarded.

Strategy hereby notifies GVECR that since the Loan was never advanced in accordance with its terms, all of the underlying transactions entered into in connection therewith are null and void and of no force or effect.


Exhibit 20

Strategy intends to hold GVECR and its affiliates liable for all damages incurred by Strategy related to GVECR's failure to fund the Loan.

The arrogance of GVECR in these matters is further displayed by the assertion in your letter that an Event of Default under the Interim Pledge Agreement exists as of June 1, 2006. **Even if the Interim Pledge Agreement was a valid agreement, which it is not**, under Section 7.1 (a) (ii) of the Loan Agreement, an Event of Default only exists after receipt of the written notice and failure to cure within thirty (30) days after written notice. Thus, the earliest date that such Event of Default could exist would be June 30, 2006. We point this out not to debate when an Event of Default would exist had GVECR funded the Loan, but only as further evidence of GVECR's total disregard for the terms and provisions of the agreements it executes.

Lastly, we reserve our right to hold GVECR accountable for tortious interference with Strategy's contractual relationships with others, by virtue of you forwarding the letters of May 1, 2006 and May 18, 2006 to entities that are not parties to the Interim Pledge Agreement.

Very truly yours,

Stephen F. Stonhill
Chairman
Strategy International Insurance Group, Inc.

200 Yorkland Blvd., Suite 200 Toronto ON M2J 5C1
866-876-7368

# FULBRIGHT & JAWORSKI L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
666 FIFTH AVENUE, 31ST FLOOR
NEW YORK, NEW YORK 10103-3198
WWW.FULBRIGHT.COM

CHARLES D. SCHMERLER  
PARTNER  
CSCHMERLER@FULBRIGHT.COM

DIRECT DIAL:   (212) 318-3021  
TELEPHONE:    (212) 318-3000  
FACSIMILE:    (212) 318-3400

June 2, 2006

**BY FEDERAL EXPRESS**

Strategy Investments, LLC  
200 Yorkland Boulevard, Suite 200  
Toronto, Ontario  M2J 5C1  
Canada  
Attn: Sandro Sorti

Strategy International Insurance Group, Inc.  
200 Yorkland Boulevard, Suite 710  
Toronto, Ontario  M2J 5C1  
Canada

Re: Loan Agreement, Made as of January 26, 2006, by and between CVEC Resource, Inc. and Strategy Investments LLC (the "Loan Agreement")

Gentlemen:

This office represents GVEC Resource, Inc. ("GVECR"). We are writing on behalf of and as counsel to GVECR pursuant to the terms of the Loan Agreement and related documents. All capitalized terms used herein shall be defined as in the Loan Agreement.

Please be advised that Strategy Investments LLC ("SILLC") is in breach of the provisions of the Loan Agreement by its failure to provide the Surety Bond. You are hereby notified that pursuant to subsection (a)(ii) of Section 7 of the Loan Agreement, the Borrower shall have thirty (30) days to cure such breach.

Please be further advised that pursuant to subsection (a)(iv) of Section 7.1 of the Loan Agreement, an Event of Default has occurred as a consequence of the failure of Strategy International Insurance Group, Inc. ("SIIG") to deliver the certificates representing the Member Interest, together with Member Interest Powers, pursuant to Section 2 of the Management Fee Pledge Agreement, dated as of January 26, 2006.

Please be further advised that SILLC is in default of the provisions of Section 2 of the Interim Pledge Agreement, dated as of January 26, 2006 (the "Interim Pledge Agreement") by its failure to deliver the Financial Guarantee on or before May 31, 2006. SIIG is in breach of



Document11  
HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO  
DUBAI • HONG KONG • LONDON • MUNICH • RIYADH

Strategy Investments, LLC
Strategy International Insurance Group, Inc.
June 2, 2006
Page 2

Section 2 of the Interim Pledge Agreement by virtue of its failure to deliver the certificates representing the Member Interest and the Member Interest Power.

Very truly yours,

*[signature]*

Charles D. Schmerler

CDS/kdp

cc:  Robert J. Webb, Esq.
     Baker & Hostetler LLP
     (By Federal Express)