1  FREDERICK H. KRANZ (STATE BAR NO. 055815)
   JESS R. BRESSI (STATE BAR NO. 110264)
2  RYAN C. STOTTLEMYER (State Bar No. 212362)
   COX, CASTLE & NICHOLSON LLP
3  19800 MacArthur Boulevard, Suite 500
   Irvine, California 92612-2435
4  Telephone: (949) 476-2111
   Facsimile: (949) 476-0256
5  Email: rkranz@coxcastle.com
   Email: jbressi@coxcastle.com
6  Email: rstottlemyer@coxcastle.com

7  ROBERT D. INFELISE (STATE BAR NO. 093876)
   COX, CASTLE & NICHOLSON LLP
8  555 Montgomery Street, Suite 1500
   San Francisco, California 94111
9  Telephone: (415) 392-4200
   Facsimile: (415) 392-4250
10 Email: rinfelise@coxcastle.com

11 Attorneys for Plaintiff
   SVC-NAPA, L.P.
12

13              UNITED STATES DISTRICT COURT

14             NORTHERN DISTRICT OF CALIFORNIA

15

16 SVC-NAPA, L.P., a California limited partnership,      Case No.

17              Plaintiff,                               COMPLAINT FOR:

18       v.                                              (1) BREACH OF CONTRACT;
                                                         (2) USURY;
19 STRATEGY RESORT FINANCING, INC., a                    (3) BREACH OF COVENANT OF GOOD
   Florida corporation; STRATEGY                         FAITH AND FAIR DEALING;
20 INVESTMENTS, LLC, a Florida limited liability         (4) FRAUD;
   company; VERITAS HIGH YIELD ARBITRAGE                 (5) NEGLIGENT
21 FUND I LLC, a Delaware limited liability              MISREPRESENTATION;
   company; VERITAS HIGH YIELD ARBITRAGE                 (6) RESCISSION;
22 FUND (BERMUDA) LTD, a Bermudan                        (7) VIOLATION OF CALIFORNIA
   corporation; VERITAS HIGH YIELD                       BUSINESS AND PROFESSIONS CODE
23 ARBITRAGE FUND II LLC, a Delaware limited             SECTIONS 17200, et seq.;
   liability company; and GVEC RESOURCE, INC.,           (8) INTERFERENCE WITH
24 an international business company organized under      CONTRACTUAL RELATIONS; AND
   the laws of the British Virgin Islands,               (9) DECLARATORY RELIEF
25
                Defendants.                              DEMAND FOR JURY TRIAL
26

27

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE
        46200\292918v9                                  SVC-NAPA, L.

Plaintiff SVC-Napa, L.P., hereby complains and alleges as follows:

## I.

## JURISDICTION AND PARTIES

1.    This Court has jurisdiction over the claims for relief asserted herein under 28 U.S.C. § 1332(a), in that the amount in controversy exceeds the sum or value of $75,000 and there is complete diversity among the parties, and 28 U.S.C. § 1367(a).

2.    Plaintiff SVC-Napa, L.P., ("SVC" or "Plaintiff"), is a California Limited Partnership with its principal place of business in Napa County, California.

3.    Defendant Strategy Investments, LLC ("Strategy LLC"), on information and belief, is a Florida limited liability company, with its principal place of business in Dade County, Florida.  On information and belief, SVC alleges that none of the members of Strategy LLC is domiciled or has its principal place of the business in the State of California.

4.    Defendant Strategy Resort Financing, Inc. ("Strategy Inc."), on information and belief, is a Florida corporation with its principal place of business in Dade County, Florida.

5.    Defendant Veritas High Yield Arbitrage Fund I LLC ("Veritas I"), on information and belief, is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut.

6.    Defendant Veritas High Yield Arbitrage Fund (Bermuda) Ltd. ("Veritas Bermuda"), on information and belief, is a Bermudan corporation with its principal place of business in the city of Hamilton, in the country of Bermuda.

7.    On information and belief, Veritas Bermuda has recently been delisted from the Irish Stock Exchange, has refunded invested funds to its investors which precipitated the delisting, and is in the process of winding up its operations.

8.    Defendant Veritas High Yield Arbitrage Fund II LLC ("Veritas II"), on information and belief, is a Delaware limited liability company with its principal place of business in Greenwich, Connecticut.

9.    Defendant GVEC Resource, Inc. ("GVEC"), on information and belief, is an international business company organized under the laws of the British Virgin Islands with its

1 principal place of business in the British Virgin Islands.

2          10.     On information and belief, each defendant herein is, and at all material times

3 hereto was, the agent or employee of the remaining defendants, and each of them, and in doing the

4 acts or failing to do the acts as alleged herein acted within the scope of such agency or employment.

5          11.     On information and belief, Veritas I, Veritas Bermuda, and Veritas II are

6 successors-in-interest to Strategy Inc. and are liable, jointly and severally, for any obligations, claims,

7 damages, liabilities, judgments, attorney's fees and legal costs owe Plaintiff.

## II.

## VENUE

10          12.     Venue is proper in the Northern District of California because the substantial

11 part of the events or omissions giving rise to the claims for relief asserted herein took place within this

12 District and the real property in question is located within this District.

## III.

## INTRADISTRICT ASSIGNMENT

15          13.     Pursuant to Northern District of California Civil Local Rules 3-2(c) and 3-5(b),

16 SVC submits that this action should be assigned to the Northern District of California's San Francisco

17 Division or Oakland Division, because the substantial part of the events or omissions giving rise to the

18 claims for relief asserted herein took place within Napa County, California, and the real property in

19 question is located within Napa County, California.

## IV.

## COMMON FACTUAL ALLEGATIONS

22          14.     SVC is the developer of a timeshare vacation ownership property that presently

23 is being developed in the City of Napa Valley, California, which will, when completed contain three

24 buildings comprising 100 or more timeshare units ("SVC's Napa project" or the "Project"). The first

25 two of the buildings in the Project are nearing completion. The first building containing

26 approximately 28 units is intended to be committed to a multi-site vacation ownership timeshare plan

27 known as the Shell Vacations Club ("Club"). The developer of the Club is SVC-West, L.P., an

28 affiliated company of SVC ("Club Developer").

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE

46200\292918v9                              2                        SVC-NAPA, L.P.'S COMPLAINT

15.     SVC and Club Developer have entered into an agreement whereby SVC has agreed to contribute units to the Club in exchange for Club Developer's agreement to sell memberships in the Club ("Memberships") to the public for the account of SVC.

16.     An Application is pending with the California Department of Real Estate ("DRE") in order to sell the Memberships to the public. Without the issuance of a Final Time-Share Public Report with respect to the Memberships by the DRE, no Memberships can or will be sold. In stark terms, the Project's value is substantially reduced without a Public Report from the DRE. On information and belief, defendants and each of them are aware of each of the facts or contentions alleged in this paragraph.

17.     On information and belief, Strategy Inc. and Strategy LLC are under common ownership and/or control.

18.     On information and belief, at all material times hereto, neither Strategy LLC nor Strategy Inc. was a California-licensed finance lender nor otherwise exempt from California's usury laws as to each of the transactions alleged in this Complaint.

19.     On information and belief, Veritas I, Veritas Bermuda, and Veritas II are under common ownership and/or control.

20.     On information and belief, at all material times hereto, Veritas I, Veritas Bermuda, and Veritas II were neither a California-licensed finance lender nor otherwise exempt from California's usury laws as to each of the transactions alleged in this Complaint.

21.     In connection with SVC's Napa project, SVC executed three promissory notes secured by three corresponding deeds of trust. Each of those promissory notes and deeds of trust were part of an integrated loan transaction to provide construction and other financing for SVC's Napa project.

## A.     THE FIRST NOTE AND DEED OF TRUST.

22.     No earlier than April 20, 2005, SVC executed a promissory note in favor of Strategy Inc. in the sum of $23,500,000, secured by a first priority deed of trust encumbering that certain real property described in Exhibit "A" hereto ("Strategy Inc. First Note"). Exhibit "A" is incorporated herein by this reference. A true and correct copy of the Strategy Inc. First Note is

1  attached hereto as Exhibit "B," and is incorporated herein by this reference.

2        23.    The purpose of the Strategy Inc. First Note was to provide refinancing of the

3  acquisition financing, construction financing and working capital for SVC's Napa project.

4        24.    Pursuant to the Strategy Inc. First Note, an initial advance of $9,500,000 was

5  made on or after May 3, 2005.  Additional advances were to be made by Strategy Inc. upon not less

6  ten (10) days written notice from SVC, subject to the principal amount of the Strategy Inc. First Note

7  not exceeding a maximum of $23,500,000.  At no time since April 2005 has SVC reached the

8  maximum amount permitted to be advanced under the Loan.

9        25.    The Strategy Inc. First Note further contemplates additional advances by

10  Strategy Inc. in the amounts of (a) $1,300,000 as a re-borrowing upon the pay down of the original

11  principal by $1,300,000, and (b) up to $10,300,000 to finance Phase II of the Project's construction

12  (*see* Strategy Inc. First Note, Sections 6 and 7), upon the satisfaction of a number of conditions.

13        26.    The base portion of the interest rate called for under the Strategy Inc. First Note

14  was:

15      [T]he fluctuating rate (the "Interest Rate") per annum at all times equal
16      to the greater of (a) three percent (3%) over the Reference Rate and (b)
    eight percent (8%).  As used herein, "Reference Rate" shall mean the
17      per annum rate of interest announced by *The Wall Street Journal* to be
    in effect from time to time, as the "Prime Lending Rate."

18        27.    In connection with the Strategy Inc. First Note, SVC executed, and

19  Strategy Inc. caused to be recorded, a Deed of Trust, Security Agreement and Assignment of Leases

20  and Rents and Financing Statement recorded with the Napa County Recorder on May 16, 2005, as

21  Document 2005-0019080 ("First Deed of Trust").  A true and correct copy of the First Deed of Trust

22  is attached hereto as Exhibit "C," and is incorporated herein by this reference.

23        28.    The First Deed of Trust securing the Strategy Inc. First Note prohibits the

24  assignment of the First Deed of Trust without the prior written consent by SVC.  Section 6.10 of the

25  First Deed of Trust provides, in pertinent part, that:

26      This Deed of Trust is assignable by Beneficiary [Strategy Inc.] with the
    prior written consent of Trustor [SVC], which consent may be subject to
27      Trustor's determination (in its reasonable discretion) that the proposed
    assignee has sufficient credit worthiness and wherewithal to perform the

28

financial obligations of Beneficiary with respect to the supplemental advances that Trustor may request under the Note.

29.     On information and belief, in or about March 2005, Strategy Inc. and Strategy LLC agreed with SVC to the restriction on the assignability of each of the Deeds of Trust referred to in this Complaint and quoted in Paragraph 28 above.  Prior to the execution of the Strategy Inc. First Note, Strategy Inc., secretly and without even requesting SVC's required consent, purported to assign to Veritas I, Veritas Bermuda, and Veritas II, all of Strategy Inc.'s interest in, to, and under the First Deed of Trust, the Strategy Inc. First Note, and the obligations therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said mortgage.  The secret purported assignment to Veritas I, Veritas Bermuda, and Veritas II is dated April 4, 2005, while the Strategy Inc. First Note was executed no earlier than April 20, 2005.  The secret purported assignment to Veritas I, Veritas Bermuda, and Veritas II was not recorded and made a matter of public record until September 23, 2005.  A true and correct copy of the purported assignment is attached hereto as Exhibit "D."

30.     Months after the execution of the Strategy Inc. First Note and upon first learning of the secret purported assignment, SVC informed Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II that SVC did not consent to the assignment.

31.     Between May 3, 2005 and April 13, 2006, SVC requested and Strategy Inc. made, albeit untimely, advances under the Strategy Inc. First Note totaling approximately $19,500,000.

32.     Pursuant to the terms of the Strategy Inc. First Note, SVC has recently: (a) made two loan funding or draw requests to pay for ongoing costs of construction, the first dated April 14, 2006 for $1,958,792 and the second dated May 11, 2006 for $1,541,143, to Strategy Inc. in the total sum of $3,499,935, neither of which has been funded; and (b) made demand on the previously secret purported assignees, Veritas I, Veritas Bermuda, and Veritas II, to honor the draw requests made on Strategy Inc. as alleged herein, while reserving all rights regarding the effectiveness of the purported assignment.

1    33.    Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II have failed and

2  refused, and continue to fail and refuse, to honor said draw requests, thereby putting SVC's Napa

3  Project in jeopardy.  To prevent substantial harm to itself and to keep the construction of the Project

4  from being disrupted, construction contractors from working off the Project, material suppliers and

5  construction contractors from recording mechanic's liens against the Project, and to insure a continued

6  flow of necessary materials and labor to the Project thereby enhancing the value of the Project (which

7  serves as collateral for the loans held by Defendants), SVC has funded the Project's continued

8  construction out of funds it has been forced to use other funds owned by SVC and to borrow from

9  other lenders new funds not secured by the Project.

10    **B.    THE SECOND NOTE AND DEED OF TRUST.**

11    34.    Not before April 20, 2005, and concurrent with the execution of the

12  Strategy Inc. First Note and the Strategy Inc. Third Note , SVC and Strategy LLC entered into a

13  second priority promissory note and deed of trust encumbering the same property in the total amount

14  of $6,625,000, which includes cash and a contingent interest arrangement.  The second note is referred

15  to herein as the "Strategy LLC/GVEC Second Note."  The Strategy LLC/GVEC Second Note bears a

16  minimum base interest rate of 15% per annum.  Effective January 27, 2006, the Strategy LLC/GVEC

17  Second Note was amended in conjunction with a funding thereunder, which funding was supposed to

18  occur nine months earlier.  The Strategy LLC/GVEC Second Note and January 27, 2006 amendment

19  thereto are attached hereto as Exhibit "E," and is incorporated herein by this reference.

20    35.    The purpose of the Strategy LLC/GVEC Second Note was to provide

21  construction financing and to pay various fees and start-up costs for SVC's Napa project as a

22  timeshare operation.

23    36.    In connection with the Strategy LLC/GVEC Second Note, SVC executed a

24  second priority Deed of Trust, Security Agreement and Assignment of Leases and Rents and

25  Financing Statement in favor of Strategy LLC recorded with the Napa County Recorder on May 16,

26  2005, as Document 2005-0019081 ("Second Deed of Trust").  A true and correct copy of the Second

27  Deed of Trust is attached hereto as Exhibit "F," and is incorporated herein by this reference.

28

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE

37. Effective on January 26, 2006, Strategy LLC collaterally assigned all of its right, title and beneficial in and to Strategy LLC/GVEC Second Note and the Second Deed of Trust to GVEC. Unlike the Strategy Inc. to Veritas I, Veritas Bermuda, and Veritas II secret purported assignment alleged above, SVC has given its consent to this collateral assignment to GVEC of the Strategy LLC/GVEC Second Note and the Second Deed of Trust.

**C.    THE THIRD NOTE AND DEED OF TRUST**

38. Not earlier than April 20, 2005, and concurrent with the execution of the Strategy Inc. First Note and the Strategy LLC/GVEC Second Note, SVC executed a third promissory note in favor of Strategy Inc. The note is referred to herein as the "Strategy Inc. Third Note." The Strategy Inc. Third Note is attached hereto as Exhibit "G," and is incorporated herein by this reference.

39. On information and belief, the purpose for the Strategy Inc. Third Note was not to evidence an advance of actual credit or money to SVC, but, rather, to provide for the payment of additional interest totaling $1,880,000 on the Strategy Inc. First Note. More specifically, when the Strategy Inc. First Note was about to be executed, Strategy Inc. changed the economics of the transaction by demanding an additional two or three percent interest on the Strategy Inc. First Note. Accordingly, the actual interest rate charged on the Strategy Inc. First Note increased by $1,880,000 as represented by the Strategy Inc. Third Note.

40. In connection with the Strategy Inc. Third Note, SVC executed in favor of Strategy Inc. a third priority Deed of Trust, Security Agreement and Assignment of Leases and Rents and Financing Statement recorded with the Napa County Recorder on May 16, 2005, as Document 2005-0019082 ("Third Deed of Trust"). A true and correct copy of the Third Deed of Trust is attached hereto as Exhibit "H," and is incorporated herein by this reference.

41. The Third Deed of Trust securing the Strategy Inc. Third Note also expressly prohibits the assignment of the Third Deed of Trust without the prior written consent by SVC. Section 6.10 of the Third Deed of Trust provides, in pertinent part, that:

> This Deed of Trust is assignable by Beneficiary [Strategy Inc.] with the prior written consent of Trustor [SVC], which consent may be subject to Trustor's determination (in its reasonable discretion) that the proposed

1      assignee has sufficient credit worthiness and wherewithal to perform the
2      financial obligations of Beneficiary with respect to the supplemental advances that Trustor may request under the Note.

3      42.      On information and belief, prior to the execution of the Strategy Inc. Third

4 Note, Strategy Inc., secretly and without even requesting SVC's required consent, purported to assign

5 to Veritas I, Veritas Bermuda, and Veritas II, all of Strategy Inc.'s beneficial interest in, to, and under

6 the Third Deed of Trust, the Strategy Inc. Third Note, and the obligations therein described or referred

7 to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under

8 said mortgage.

9      **D.**      **THE ADDITIONAL AMOUNTS OF INTEREST CLAIMED DUE OR**

10      **PAID UNDER THE THREE NOTES AND DEEDS OF TRUST**

11      43.      In connection with the three promissory notes executed by SVC and alleged

12 above and in addition to periodic base or minimum interest paid Defendants under the terms of the

13 Strategy Inc. First Note, defendants have demanded and SVC has paid or agreed to pay substantial,

14 multi-million dollar amounts of additional interest to or the benefit of Defendants.

15      44.      These amounts of additional interest include, but are not limited to: (a)

16 $470,000 characterized as a "placement fee" or "points," (b) $3,375,000 as an "Exit Fee" (which

17 included an "Interest Reserve" as defined in the Strategy LLC/GVEC Second Note), (c) "contingent

18 interest" under the Strategy LLC/GVEC Second Note equal to 45% of "available cash" and (d) the

19 entire $1,880,000 represented by the Strategy Inc. Third Note.

20      **V.**

21      **CLAIMS FOR RELIEF**

22      **FIRST CLAIM FOR RELIEF**

23      **(Breach of Contract Against Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II)**

24      45.      Plaintiff incorporates by reference the allegations of Paragraphs 1 through 44,

25 inclusive, of this Complaint, as though fully set forth herein.

26      46.      SVC has performed all of the conditions, covenants, and obligations required of

27 it to be performed under the Strategy Inc. First Note, except for those that were prevented, waived, or

28 excused by the acts, errors, or omissions of Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II,

1  and each of them.

2        47.    Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II, and each of them, have

3  breached their obligations under the Strategy Inc. First Note by, among other things: (a) failing and

4  refusing to fund draw requests made by SVC in the total sum of approximately $3.5 million; and

5  (b) failing to obtain the prior written consent by SVC to the purported assignment of the Strategy Inc.

6  First Note to Veritas I, Veritas Bermuda, and Veritas II.  Strategy Inc., Veritas I, Veritas Bermuda, and

7  Veritas II, and each of them, have breached their obligations under the Strategy Inc. Third Note by,

8  among other things failing to obtain the prior written consent by SVC to the purported assignment of

9  the Strategy Inc. Third Note to Veritas I, Veritas Bermuda, and Veritas II.

10        48.    As a direct and proximate result of the breach of the Strategy Inc. First and

11  Third Notes by Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II, and each of them, SVC has

12  suffered, and will continue to suffer, damages in an amount in excess of the Court's jurisdictional limit

13  to be proved at trial.  Moreover, SVC has been forced to engage the services of legal counsel and has

14  incurred substantial attorneys' fees and costs, according to proof.  Each of the Strategy Inc. First and

15  Third Notes and the First and Third Deeds of Trust provide for an award of attorneys' fees and costs

16  to the owner(s) of the Strategy Inc. First and Third Notes and the First and Third Deeds of Trust.  As a

17  matter of law, said attorneys' fees and costs provisions are reciprocal and SVC is entitled to an award

18  of its fees incurred in this action.

19                  **SECOND CLAIM FOR RELIEF**

20      **(Usury Against Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II)**

21        49.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 48,

22  inclusive, of this Complaint, as though fully set forth herein.

23        50.    The interest payment terms of the Strategy Inc. First Note and Strategy Inc.

24  Third Note are usurious and violate the California Constitution, Article XV, Section 1, which

25  prescribes that a contract in writing for a loan for any use other than primarily personal, family, or

26  household purposes may not provide for an interest rate that exceeds the higher of: (a) ten percent per

27  annum; or (b) five percent per annum plus the rate prevailing on the 25th day of the month preceding

28  the earlier of (i) the date of execution of the contract to make the loan or forbearance, or (ii) the date of

1   making the loan or forbearance established by the Federal Reserve Bank of San Francisco on advances

2   to member banks under Sections 13 and 13a of the Federal Reserve Act.

3         51.    Pursuant to the Strategy Inc. First Note and Strategy Inc. Third Note, SVC has

4   made interest payments to Strategy Inc. or Veritas I, Veritas Bermuda, and Veritas II that were in

5   excess of the maximum rate of interest allowed by the California Constitution, Article XV, Section 1,

6   and SVC is entitled to recover treble the amounts paid pursuant to California Civil Code section 1916-

7   3. As of the date of this Complaint, Plaintiff has made periodic base or minimum interest payments

8   under the Strategy Inc. First Note and Strategy Inc. Third Note to Strategy Inc. of $1,514,847.40,

9   which when trebled is $4,544,542.20.  SVC has also paid $470,000.00 of interest in the form of loan

10  origination fees that are also interest that Strategy Inc. instructed SVC to pay directly to Veritas I,

11  Veritas Bermuda, and Veritas II, which when tripled equals $1,410,000.00.  In total, SVC requests

12  entry of a money judgment against Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II for treble

13  damages on this claim for $5,954,452.20 (as of June 1, 2006), according to proof.  In the alternative,

14  SVC requests entry of a judgment permitting SVC to offset the amount awarded on this claim against

15  the principal balance of the Strategy Inc. First Note.

16        52.    SVC also executed the Strategy Inc. Third Note which entirely represents

17  usurious interest of $1,880,000.00.  SVC further requests the Court to enter judgment that Strategy

18  Inc., Veritas I, Veritas Bermuda, and Veritas II be compelled to mark the Strategy Inc. Third Note

19  "cancelled," that the original Strategy Inc. Third Note be returned to SVC for destruction, and that the

20  Third Deed of Trust be ordered reconveyed and expunged from the official records of Napa County,

21  California.

## THIRD CLAIM FOR RELIEF

### (Usury Against Strategy LLC and GVEC)

24        53.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 52,

25  inclusive, of this Complaint, as though fully set forth herein.

26        54.    On or about January 26, 2006, SVC acknowledged and consented to the

27  collateral pledge of Strategy LLC's interests in the Strategy LLC/GVEC Second Note and the

28  assignment of the Second Deed of Trust, which was understood to be additional collateral to GVEC.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE

55.     The interest payment terms of the Strategy LLC/GVEC Second Note are usurious and violate the California Constitution, Article XV, Section 1, which prescribes that a contract in writing for a loan for any use other than primarily personal, family, or household purposes may not provide for an interest rate that exceeds the higher of: (a) ten percent per annum; or (b) five percent per annum plus the rate prevailing on the 25th day of the month preceding the earlier of (i) the date of execution of the contract to make the loan or forbearance, or (ii) the date of making the loan or forbearance established by the Federal Reserve Bank of San Francisco on advances to member banks under Sections 13 and 13a of the Federal Reserve Act.

56.     Pursuant to the provisions of the Strategy LLC/GVEC Second Note, the Strategy LLC/GVEC Second Note created a base or minimum interest rate of 15% per annum, an "Exit Fee," and an "Interest Reserve" as part of the "Exit Fee" payable in addition to the base or minimum interest rate of 15%, SVC has made interest payments to Strategy LLC, that are in excess of the maximum rate of interest allowed by the California Constitution, Article XV, Section 1, and SVC is entitled to recover treble the amounts paid pursuant to California Civil Code section 1916-3.

57.     Pursuant to the Strategy LLC/GVEC Second Note, SVC has made interest payments to Strategy LLC (which right to receive said interest payments was assigned by Strategy LLC to GVEC), that were in excess of the maximum rate of interest allowed by the California Constitution, Article XV, Section 1, and SVC is entitled to recover the amounts paid as money had and received.  In the alternative, SVC requests entry of a judgment permitting SVC to offset the amount awarded on this claim against the principal balance of the Strategy LLC/GVEC Second Note.

## FOURTH CLAIM FOR RELIEF

### (Breach of Covenant of Good Faith and Fair Dealing

### Against Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC)

58.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 57, inclusive, of this Complaint, as though fully set forth herein.

59.     The legal structure for registration of SVC's Napa project as a timeshare was not complete as of the date upon which the Strategy Inc. First Note, Strategy LLC/GVEC Second

1  Note, and Strategy Inc. Third Note were executed and the three corresponding deeds of trust were

2  executed and recorded.  Section 2.2 of each deed of trust, however, contemplates the establishment of

3  a timeshare program for SVC's Napa project, the conveyance of the timeshare units to the association,

4  and the release of the timeshare units from the lien of the respective deeds of trust, all as a matter of

5  right on the part of SVC.

6          60.    To the extent that SVC sought to sell, convey, alienate, mortgage, encumber,

7  pledge, or otherwise transfer all or any part of the property, then the consent of each of the

8  beneficiaries of the respective deeds of trust was required, but such consent was not to be

9  unreasonably withheld, conditioned, or delayed by those beneficiaries.

10          61.    Beginning in or about March 2006, SVC requested that Strategy Inc.,

11  Strategy LLC, and GVEC provide their respective consent to the implementation of SVC's proposed

12  restructuring of SVC's Napa project.  Strategy Inc., Strategy LLC, and GVEC, and each of them, have

13  failed and refused, and continue to fail and refuse, to provide their consent to the implementation of

14  SVC's proposed restructuring of SVC's Napa project.  As unapproved purported successors-in-interest

15  or assignees of Strategy Inc., Veritas I, Veritas Bermuda, and Veritas II have also failed and refused,

16  and continue to fail and refuse, to provide their consent to the implementation of SVC's proposed

17  restructuring of SVC's Napa project.

18          62.    SVC's ability to complete the SVC-Napa project's timeshare registration is

19  dependent upon Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, and Veritas II, and GVEC,

20  and each of them, providing their consent to the implementation of SVC's proposed restructuring of

21  SVC's Napa project.

22          63.    Accordingly, SVC's ability to realize the full benefit of its bargain and to be

23  able to perform its obligations as a borrower under the loan documents are directly tied to Strategy

24  Inc.'s, Strategy LLC's, Veritas I's, Veritas Bermuda's, Veritas II's, and GVEC's exercise of their

25  respective consent to the implementation of SVC's proposed restructuring of SVC's Napa project.

26          64.    Implied in the loan documents entered into between SVC and Strategy Inc.,

27  Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, is the covenant of good faith and

28  fair dealing.

1    65.    Pursuant thereto, a duty arose on the part of Strategy Inc., Strategy LLC,

2  Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them, to do nothing that would deprive

3  SVC of its ability to realize the full benefit of its bargain and be able to perform its obligations as a

4  borrower under loan documents by being able to establish a timeshare program for SVC's Napa

5  project, convey the timeshare units to the association, Market and sell Club memberships, and release

6  the timeshare units from the lien of the respective deeds of trust.

7    66.    Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC,

8  and each of them, knew, or in the exercise of reasonable care should have known, that, by failing and

9  refusing to provide their respective consent to the implementation of SVC's proposed restructuring of

10  SVC's Napa project, SVC would not be able to establish a timeshare program for SVC's Napa project,

11  convey the timeshare units to the association, and release the timeshare units from the lien of the

12  respective deeds of trust.

13    67.    By failing and refusing to provide their respective consents to the

14  implementation of SVC's proposed restructuring of SVC's Napa project, Strategy Inc., Strategy LLC,

15  Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them, have breached the covenant of

16  good faith and fair dealing, because such failure and refusal to provide their respective consent

17  deprived SVC of its ability, or otherwise interfered with SVC's ability, to realize the full benefit of its

18  bargain under the loan documents.

19    68.    As a direct and proximate result of the breach of the implied covenant of good

20  faith and fair dealing by Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and

21  GVEC, and each of them, SVC has suffered, and continues to suffer, damages in an amount in excess

22  of the Court's jurisdictional limit and to be proved at trial.

23  **FIFTH CLAIM FOR RELIEF**

24  **(Fraud Against Strategy Inc. and Strategy LLC)**

25    69.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 68,

26  inclusive, of this Complaint, as though fully set forth herein.

27    70.    Beginning no later then January or February 2005, and continuing to April 20,

28  2005, Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and Strategy LLC,

1  repeatedly represented to Messrs. Sheldon Ginsburg, Craig Goldstein and/or Daniel Glickstein of SVC

2  that Strategy Inc. and Strategy LLC had the creditworthiness, financial ability, business acumen, and

3  contacts to perform under the Strategy Inc. First Note, Strategy LLC/ GVEC Second Note, and

4  Strategy Inc. Third Note, the corresponding deeds of trust, and other related loan documents.

5      71.    Beginning no later than January or February 2005, and continuing through to in

6  or about March 2006, Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and

7  Strategy LLC, continued to represent to SVC that Strategy Inc. and Strategy LLC had the financial

8  ability, business acumen, and contacts to perform under the Strategy Inc. First Note, Strategy LLC/

9  GVEC Second Note, and Strategy Inc. Third Note, the corresponding deeds of trust, and other related

10 loan documents, notwithstanding that Strategy Inc. and Strategy LLC: (1) had purported to secretly

11 assign to Veritas I, Veritas Bermuda, and Veritas II, and each of them, all of Strategy Inc.'s interest in

12 and to the First Deed of Trust, the Strategy Inc. First Note, and the obligations therein described or

13 referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue

14 under said mortgage; and (2) had failed and refused to fund draw requests made by SVC in the total

15 sum of approximately $3.5 million.

16     72.    Beginning no later than January or February 2005, and continuing through to in

17 or about March 2006, Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and

18 Strategy LLC, failed to disclose to SVC, and actively and consciously concealed from SVC, the true

19 financial condition of Strategy Inc. and Strategy LLC and their true financial and legal relationship

20 with Veritas I, Veritas Bermuda, and Veritas II.

21     73.    On information and belief, the aforementioned representations and omissions

22 were made by Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and Strategy LLC,

23 on a multitude of occasions in person, over the telephone, via email and other correspondence to

24 Messrs. Sheldon Ginsburg, Craig Goldstein and/or Daniel Glickstein of SVC.

25     74.    In truth and fact, the aforementioned representations and omissions made by

26 and/or concealed by Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and Strategy

27 LLC, were false, and Strategy Inc. and Strategy LLC were not willing, and have never been willing, to

28 perform pursuant to the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc.

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE

46200\292918v9                              14                        SVC-NAPA, L.P.'S COMPLAINT

1   Third Note, related deeds of trust, and other loan documents.  Moreover, Strategy Inc. and Strategy

2   LLC do not have, and have never had, the intention or ability to perform pursuant to the Strategy Inc.

3   First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related deeds of trust, and

4   other loan documents.

5            75.   At all times when the aforementioned representations and omissions were made

6   and/or concealed by Messrs. Sandro Sordi and John Hamilton , on behalf of Strategy Inc. and Strategy

7   LLC, Strategy Inc. and Strategy LLC knew them to be false, and made them with the intent to deceive

8   SVC and to induce SVC to rely upon them and enter into the Strategy Inc. First Note, Strategy

9   LLC/GVEC Second Note, and Strategy Inc. Third Note, related deeds of trust, and other loan

10  documents.

11           76.   SVC was not aware of the falsity and/or concealment of the aforementioned

12  representations and omissions of Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc.

13  and Strategy LLC, and SVC justifiably relied upon the truth of those representations and omissions

14  when it entered into the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc.

15  Third Note, related deeds of trust, and other loan documents.

16           77.   In justifiable reliance on the aforementioned representations and omissions of

17  Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and Strategy LLC, and in

18  ignorance of the falsity and/or concealment of those representations and omissions, SVC entered into

19  the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related

20  deeds of trust, and other loan documents.

21           78.   As a direct and proximate result of Strategy Inc.'s and Strategy LLC's fraud,

22  SVC has suffered, and continues to suffer, damages in an amount in excess of the Court's

23  jurisdictional limit and to be proved at trial.

24           79.   In addition, by entering into the Strategy Inc. First Note, Strategy LLC/GVEC

25  Second Note, and Strategy Inc. Third Note, related deeds of trust, and other loan documents, SVC

26  incurred opportunity costs by forgoing the pursuit of any other loans from an entity or person who,

27  unlike Strategy Inc. and Strategy LLC, was ready, willing, and able to perform.

28           80.   Strategy Inc.'s and Strategy LLC's aforementioned representations and

LAW OFFICES OF
COX, CASTLE &
NICHOLSON LLP
IRVINE
46200\292918v9                          15                  SVC-NAPA, L.P.'S COMPLAINT

1   omissions were intended to cause injury to SVC, subject SVC to cruel and unjust hardship in

2   conscious disregard of SVC's rights, and deprive SVC of property and legal rights.  Such

3   representations and omissions constitute malice, oppression, and/or fraud under California Civil Code

4   section 3294, thereby entitling SVC to punitive and exemplary damages against Strategy Inc. and

5   Strategy LLC.

### SIXTH CLAIM FOR RELIEF

**(Negligent Misrepresentation Against Strategy Inc. and Strategy LLC)**

8        81.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 80,

9   inclusive, of this Complaint, as though fully set forth herein.

10       82.    Regardless of Strategy Inc.'s and Strategy LLC's actual knowledge and belief,

11   Strategy Inc.'s and Strategy LLC's aforementioned representations were made by Messrs. Sandro

12   Sordi and John Hamilton, on behalf of Strategy Inc. and Strategy LLC, without any reasonable

13   grounds for believing them to be true.

14       83.    Messrs. Sandro Sordi's and John Hamilton's aforementioned representations,

15   on behalf of Strategy Inc. and Strategy LLC, were made by Messrs. Sandro Sordi and John Hamilton,

16   on behalf of Strategy Inc. and Strategy LLC, with the intent to induce SVC to rely upon them and

17   enter into the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third

18   Note, related deeds of trust, and other loan documents.

19       84.    SVC was not aware of the falsity of Strategy Inc.'s and Strategy LLC's

20   aforementioned representations, acted in justifiable reliance upon the truth of those representations,

21   and was justified in relying upon those representations when it entered into the Strategy Inc.

22   First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related deeds of trust, and

23   other loan documents.

24       85.    As a result of SVC's justifiable reliance on Strategy Inc.'s and Strategy LLC's

25   aforementioned representations, and in ignorance of the falsity of those representations, SVC entered

26   into the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note,

27   related deeds of trust, and other loan documents.

28       86.    As a direct and proximate result of SVC's justifiable reliance on the truth of

1  Strategy Inc.'s and Strategy LLC's aforementioned representations, and in ignorance of the falsity of

2  those representations, SVC has suffered, and continues to suffer, damages in an amount in excess of

3  the Court's jurisdictional limit and to be proved at trial.

### SEVENTH CLAIM FOR RELIEF

### (Rescission Against All Defendants)

6        87.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 86,

7  inclusive, of this Complaint, as though fully set forth herein.

8        88.    In truth and fact, the aforementioned representations and omissions made by

9  and/or concealed by Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and

10  Strategy LLC, were false, and Strategy Inc. and Strategy LLC were not willing, and have never been

11  willing, to perform pursuant to the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and

12  Strategy Inc. Third Note, related deeds of trust, and other loan documents. Moreover, Strategy Inc.

13  and Strategy LLC do not have, and have never had, the ability to perform pursuant to the Strategy Inc.

14  First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related deeds of trust, and

15  other loan documents.

16        89.    At all times when the aforementioned representations and omissions were made

17  by and/or concealed by Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and

18  Strategy LLC, Strategy Inc. and Strategy LLC knew them to be false and/or was mistaken as to their

19  veracity, and made and/or concealed the aforementioned representations and omissions with the intent

20  to deceive SVC and to induce SVC to rely upon them and enter into the Strategy Inc. First Note,

21  Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related deeds of trust, and other loan

22  documents.

23        90.    SVC was not aware of the falsity and/or concealment of the aforementioned

24  representations and omissions of Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc.

25  and Strategy LLC, and SVC justifiably relied upon the truth of those representations when it entered

26  into the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note,

27  related deeds of trust, and other loan documents.

28        91.    In justifiable reliance on the aforementioned representations and omissions of

1    Messrs. Sandro Sordi and John Hamilton, on behalf of Strategy Inc. and Strategy LLC, and in

2    ignorance of the falsity and/or concealment of those representations and omissions, SVC entered into

3    the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related

4    deeds of trust, and other loan documents.

5            92.    But for Strategy Inc.'s and Strategy LLC's fraudulent and/or mistaken

6    representations and omissions, SVC would neither have entered into nor proceeded to perform under

7    the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related

8    deeds of trust, and other loan documents.

9            93.    SVC's consent to enter into the Strategy Inc. First Note, Strategy LLC/GVEC

10   Second Note, and Strategy Inc. Third Note, related deeds of trust, and other loan documents was

11   therefore given by mistake, or obtained through fraud, exercised by or with the connivance of

12   Strategy Inc. and Strategy LLC.

13           94.    SVC intends service of this Complaint to serve as its notice or offer of

14   rescission of the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third

15   Note, related deeds of trust, and other loan documents.  Consistent therewith, SVC hereby offers to

16   restore to Strategy Inc. and Strategy LLC everything of value that SVC has received from

17   Strategy Inc. and Strategy LLC under the Strategy Inc. First Note, Strategy LLC/GVEC Second Note,

18   and Strategy Inc. Third Note, related deeds of trust, and other loan documents, upon the condition that

19   Strategy Inc. and Strategy LLC do likewise.

20           95.    SVC seeks rescission of, by way of example and not limitation, the Strategy

21   Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, the First, Second and

22   Third Deeds of Trust, any other security interests or hypothecations of any kind granted in connection

23   securing SVC's obligations or performance under the Strategy Inc. First Note, Strategy LLC/GVEC

24   Second Note, and Strategy Inc. Third Note, and any other loan documents of any kind SVC executed

25   in connection with the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc.

26   Third Note.

27           96.    In addition, SVC further seek to recover everything of value conferred upon

28   Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC under the Strategy Inc.

1   First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related deeds of trust, and

2   other loan documents and consequential damages in an amount to be proved at trial.

### EIGHTH CLAIM FOR RELIEF

**(Violation of California Business and Professions Code**

**Sections 17200, *et seq.*, Against All Defendants)**

97.     Plaintiff incorporates by reference the allegations of Paragraphs 1 through 96, inclusive, of this Complaint, as though fully set forth herein.

98.     California Business and Professions Code sections 17200, *et seq.*, define unfair competition to mean and include any "unlawful, unfair or fraudulent business act or practice . . . ."

99.     Beginning on an exact date unknown to SVC, but within the four years before the date that this Complaint was filed, Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them, have committed acts of unfair competition by engaging in the following acts and practices:

a.     Purporting to require usurious interest rate terms on loans made to SVC;

b.     Collecting, and retaining for itself, usurious interest payments made by SVC on loans made to SVC;

c.     Violating the provisions of California Constitution, Article XV, Section 1;

d.     Violating the provisions of California Civil Code section 1916-3;

e.     Failing and refusing to provide consent to the implementation of SVC's proposed restructuring of SVC's Napa project;

f.     Engaging in the business of being a Commercial Finance Lender on more than one occasion per year in the State of California for loans that require a Commercial Finance Lenders license.

100.     The aforementioned acts and practices of Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them, violate California Business and Professions Code section 17200 because they are unfair, unlawful, and/or fraudulent.

101.     The direct harm to SVC caused by the aforementioned acts and practices of

1  Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them,

2  outweighs the utility of any policy and justification that such entity could have had for engaging in

3  such wrongful conduct.  Moreover, such entities' aforementioned acts and practices are immoral,

4  unethical, oppressive, and unscrupulous.

5          102.    The aforementioned acts and practices of Strategy Inc., Strategy LLC, Veritas I,

6  Veritas Bermuda, Veritas II, and GVEC, and each of them, threaten an incipient violation of antitrust

7  law, violate the policy or spirit of such law, or otherwise significantly threaten to harm competition.

8          103.    The unlawful, unfair, and/or fraudulent business practices of Strategy Inc.,

9  Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them, as alleged herein,

10  present a continuing threat to SVC.

11          104.    As a direct and proximate result of the acts of unfair competition of

12  Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them,

13  such entities have received and continue to hold monies or property that those entities took or withheld

14  from SVC and monies or property in which SVC has a vested interest.  In addition, SVC has suffered,

15  and continues to suffer, irreparable harm by reason of said acts of unfair competition.

16                        **NINTH CLAIM FOR RELIEF**

17                   **(Interference with Contractual Relations**

18               **Against Veritas I, Veritas Bermuda, and Veritas II)**

19          105.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 104,

20  inclusive, of this Complaint, as though fully set forth herein.

21          106.    No earlier than April 20, 2005, SVC executed the Strategy Inc. First Note in

22  favor of Strategy Inc., secured by the First Deed of Trust.

23          107.    Veritas I, Veritas Bermuda, and Veritas II, and each of them, knew, or in the

24  exercise of ordinary care should have known, that SVC had executed or would soon execute the

25  Strategy Inc. First Note in favor of Strategy Inc.

26          108.    Beginning in or around April, 2005, Veritas I, Veritas Bermuda, and Veritas II,

27  and each of them, instructed, advised, or counseled, and continue to instruct, advise, or counsel,

28  Strategy Inc. to breach its obligations to SVC under the Strategy Inc. First Note by: (a) violating the

1  provision of the Strategy Inc. First Note restricting the assignment of the Strategy Inc. First Note,

2  (b) violating the provision of the Strategy Inc. Third Note restricting the assignment of the Strategy

3  Inc. Third Note, and (c) failing and refusing to fund draw requests made by SVC in the total sum of

4  approximately $3.5 million.  The aforementioned acts and conduct of Veritas I, Veritas Bermuda, and

5  Veritas II, and each of them, have been willful and intentional, and done with the intent to injure SVC

6  by inducing Strategy Inc. to breach its obligations to SVC under the Strategy Inc. First Loan.

7        109.    Through their willful and intentional acts and conduct, Veritas I,

8  Veritas Bermuda, and Veritas II, and each of them, in fact have caused Strategy Inc. to breach its

9  obligations to SVC under the Strategy Inc. First Loan.

10        110.    As a direct and proximate cause of the aforementioned acts and conduct of

11  Veritas I, Veritas Bermuda, and Veritas II, and each of them, SVC has suffered, and continues to

12  suffer, damages in an amount in excess of the jurisdictional limit of the Court and to be proved at trial.

13        111.    The aforementioned acts and conduct of Veritas I, Veritas Bermuda, and

14  Veritas II, and each of them, were intended to cause injury to SVC, subject SVC to cruel and unjust

15  hardship in conscious disregard of SVC's rights, and deprive SVC of property and legal rights.

16  Such conduct therefore constitutes malice, oppression, or fraud under California Civil Code

17  section 3294, thereby entitling SVC to punitive and exemplary damages against Veritas I,

18  Veritas Bermuda, and Veritas II, and each of them.

19  <u>**TENTH CLAIM FOR RELIEF**</u>

20  **(Declaratory Relief Against All Defendants)**

21        112.    Plaintiff incorporates by reference the allegations of Paragraphs 1 through 111,

22  inclusive, of this Complaint, as though fully set forth herein.

23        113.    An actual controversy has arisen and now exists between SVC and

24  Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them,

25  regarding the parties' respective rights, duties, and obligations under the Strategy Inc. First Note,

26  Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, the corresponding deeds of trust, and

27  other related loan documents.

28        114.    SVC desires a judicial determination of the parties' respective rights, duties,

1   and obligations under the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and

2   Strategy Inc. Third Note, the corresponding deeds of trust, and other related loan documents.

3   Specifically, SVC contends, and therefore seeks a declaration that:

4         a.     SVC is only obligated to pay the owner of the Strategy First Note,

5   whether it is determined to be Strategy Inc., Veritas I, Veritas Bermuda, and/or Veritas,

6   II the principal amount of the Strategy Inc. First Note without interest;

7         b.     The interest rate specified in the Strategy Inc. First Note is usurious;

8         c.     The interest rate provisions of the Strategy Inc. First Note are null and

9   void pursuant to the California Constitution, Article XV, Section 1, and

10  California Civil Code section 1916-3;

11        d.     SVC is only obligated to pay GVEC and Strategy LLC the non-interest

12  portion or principal amount of the Strategy LLC/GVEC Second Note, without interest;

13        e.     The interest rate specified in the Strategy LLC/GVEC Second Note is

14  usurious;

15        f.     The interest rate provisions of the Strategy LLC/GVEC Second Note are

16  null and void pursuant to the California Constitution, Article XV, Section 1, and

17  California Civil Code section 1916-3;

18        g.     SVC is only obligated to pay the owner of the Strategy Third Note,

19  whether it is determined to be Strategy Inc., Veritas I, Veritas Bermuda, and/or Veritas,

20  II Strategy Inc. Third Note, the principal amount, if any, of the Strategy Inc. Third Note

21  without interest, if it is determined any amount of principal is due (SVC contends the

22  Strategy Third Note is entirely interest and that it should be cancelled in its entirety);

23        h.     The interest rate implicitly provided for in the Strategy Inc. Third Note

24  is usurious as well as the entire note;

25        i.     The interest rate provisions of the Strategy Inc. Third Note are null and

26  void pursuant to the California Constitution, Article XV, Section 1, and

27  California Civil Code section 1916-3;

28

1        j.    Strategy Inc. has breached its obligations to SVC under the Strategy Inc.

2   First Note;

3        k.    Veritas I, Veritas Bermuda, Veritas II, and each of them, have breached

4   their obligations to SVC under the Strategy Inc. First Note;

5        l.    Strategy LLC and GVEC have breached their obligations to SVC under

6   the Strategy LLC/GVEC Second Note;

7        m.    Strategy Inc., Veritas I, Veritas Bermuda, Veritas II, and each of them

8   have breached its obligations to SVC under the Strategy Inc. Third Note;

9        n.    The amount allegedly due under Strategy Inc. Third Note is comprised

10  entirely of interest or yield enhancement on the Strategy Inc. First Note;

11       o.    SVC is entitled to the cancellation of the Strategy Inc. Third Note and

12  the reconveyance of the Third Deed of Trust;

13       p.    SVC is entitled to the surrender of the Strategy Inc. Third Note; and

14       q.    All defendants are obligated to consent to the implementation of SVC's

15  proposed restructuring of SVC's Napa project.

16      115.   On information and belief, SVC alleges that Strategy Inc., Strategy LLC,

17  Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them, dispute SVC's contentions.

18      116.   A judicial determination of the parties' respective rights, duties, and obligations

19  under the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note,

20  the corresponding deeds of trust, and other related loan documents is necessary and appropriate at this

21  time, in that SVC has no plain, speedy, or adequate remedy at law, and such a judicial determination

22  herein will avoid a multiplicity of actions.

### VI.

### PRAYER FOR RELIEF

25      WHEREFORE, Plaintiff SVC-Napa, L.P., prays for judgment against defendants, and

26  each of them, as follows:

### On the First Claim for Relief

28      1.    For damages according to proof at trial.

### On the Second Claim for Relief

1.    For the assessment of treble damages according to proof at trial; and

2.    For the assessment of damages according to proof at trial.

### On the Third Claim for Relief

1.    For the assessment of treble damages according to proof at trial; and

2.    For the assessment of damages according to proof at trial.

### On the Fourth Claim for Relief

1.    For damages according to proof at trial.

### On the Fifth Claim for Relief

1.    For damages according to proof at trial; and

2.    For punitive and exemplary damages according to proof at trial.

### On the Sixth Claim for Relief

1.    For damages according to proof at trial.

### On the Seventh Claim for Relief

1.    For rescission of the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, related deeds of trust, and other loan documents;

2.    For recovery of everything of value conferred upon Strategy Inc. and Strategy LLC under the Strategy Inc. First Note, Strategy LLC/GVEC Second Note, and Strategy Inc. Third Note, the corresponding deeds of trust, and other related loan documents; and

3.    For consequential damages according to proof at trial.

### On the Eighth Claim for Relief

1.    For a temporary restraining order, preliminary injunction, and permanent injunction prohibiting Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them, and their respective agents, officers, employees, affiliates, representatives, and/or anyone acting on their behalf, from engaging in the acts of unfair competition specified in Paragraph 99 herein in violation of California Business and Professions Code section 17200;

2.    For restitution to SVC of all monies and property acquired by Strategy Inc., Strategy LLC, Veritas I, Veritas Bermuda, Veritas II, and GVEC, and each of them, by means of any

act or practice declared by the Court to be unfair competition under California Business and Professions Code section 17200; and

        3.     For attorneys' fees pursuant to California Code of Civil Procedure section 1021.5.

### On the Ninth Claim for Relief

1.     For damages according to proof at trial; and

2.     For punitive and exemplary damages according to proof at trial.

### On the Tenth Claim for Relief

1.     For the declaratory relief that:

        a.     SVC is only obligated to pay the owner of the Strategy First Note, whether it is determined to be Strategy Inc., Veritas I, Veritas Bermuda, and/or Veritas, II the principal amount of the Strategy Inc. First Note without interest;

        b.     The interest rate specified in the Strategy Inc. First Note is usurious;

        c.     The interest rate provisions of the Strategy Inc. First Note are null and void pursuant to the California Constitution, Article XV, Section 1, and California Civil Code section 1916-3;

        d.     SVC is only obligated to pay GVEC the non-interest portion or principal amount of the Strategy LLC/GVEC Second Note, without interest;

        e.     The interest rate specified in the Strategy LLC/GVEC Second Note is usurious;

        f.     The interest rate provisions of the Strategy LLC/GVEC Second Note are null and void pursuant to the California Constitution, Article XV, Section 1, and California Civil Code section 1916-3;

        g.     SVC is only obligated to pay the owner of the Strategy Third Note, whether it is determined to be Strategy Inc., Veritas I, Veritas Bermuda, and/or Veritas, II Strategy Inc. Third Note, the principal amount, if any, of the Strategy Inc. Third Note without interest, if it is determined any amount of principal is due (SVC contends the Strategy Third Note is entirely interest and that it should be cancelled in its entirety);

h.      The interest rate implicitly provided for in the Strategy Inc. Third Note is usurious as well as the entire note;

i.      The interest rate provisions of the Strategy Inc. Third Note are null and void pursuant to the California Constitution, Article XV, Section 1, and California Civil Code section 1916-3;

j.      Strategy Inc. has breached its obligations to SVC under the Strategy Inc. First Note;

k.      Veritas I, Veritas Bermuda, Veritas II, and each of them, have breached their obligations to SVC under the Strategy Inc. First Note;

l.      Strategy LLC and GVEC have breached their obligations to SVC under the Strategy LLC/GVEC Second Note;

m.      Strategy Inc., Veritas I, Veritas Bermuda, Veritas II, and each of them have breached its obligations to SVC under the Strategy Inc. Third Note;

n.      The amount allegedly due under Strategy Inc. Third Note is comprised entirely of interest or yield enhancement on the Strategy Inc. First Note;

o.      SVC is entitled to the cancellation of the Strategy Inc. Third Note and the reconveyance of the Third Deed of Trust;

p.      SVC is entitled to the surrender of the Strategy Inc. Third Note; and

q.      All defendants are obligated to consent to the implementation of SVC's proposed restructuring of SVC's Napa project.

## On All Claims for Relief

1.      For attorneys' fees incurred herein;

2.      For costs of suit incurred herein;

3.      For interest at the maximum legal rate; and

4.      For such other and further relief as the Court may deem just and proper.

1    Dated:  June 2, 2006                    COX, CASTLE & NICHOLSON LLP

2

3                                            By:

4                                               Frederick H. Kranz

5                                               Attorneys for Plaintiff
                                                SVC-NAPA, L.P.
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff SVC-Napa, L.P., hereby demand a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: June 2, 2006

COX, CASTLE & NICHOLSON LLP

By: _____
Frederick H. Kranz

Attorneys for Plaintiff
SVC-NAPA, L.P.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Northern District of California, Civil Local Rule ("Civil L.R.") 3-16, Plaintiff SVC-Napa, L.P., provides the following Certification of Interested Entities or Persons:

Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in the subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Shell-Napa Corporation is SVC-Napa, L.P.'s general partner.

2. Shell Holdings, Inc., owns 100% of Shell-Napa Corporation.

Dated: June 2, 2006

COX, CASTLE & NICHOLSON LLP

By: _____
Frederick H. Kranz

Attorneys for Plaintiff
SVC-NAPA, L.P.