**MEMO ENDORSED**

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
666 FIFTH AVENUE, 31ST FLOOR
NEW YORK, NEW YORK 10103-3198
WWW.FULBRIGHT.COM

CSCHMERLER@FULBRIGHT.COM  TELEPHONE:  (212) 318-3000
DIRECT DIAL: (212) 318-3021  FACSIMILE:  (212) 318-3400

October 27, 2006

**RECEIVED OCT 27 2006 CHAMBERS OF DENISE COTE**

**USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 10-27-06**

**By Hand Delivery**

Hon. Denise L. Cote
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Room 1040
New York, NY 10007-1312

Re:   *GVEC Resource, Inc., et ano. v. Strategy International Insurance Group, Inc., et al.*, 06 CV 5199 (DLC)

Dear Judge Cote:

This office represents Plaintiffs in this matter. We are writing to advise the Court that the parties have agreed to settle all claims, and to request that the Court retain the case on its docket until January 10, 2007, to allow the parties to comply with the provisions of the enclosed Settlement Agreement. Counsel for the Strategy Defendants join in this request, and have signed below.*

The Settlement Agreement provides that this litigation "will remain pending and will not be dismissed for a period of 100 days" after the agreement's closing date, which was October 2, 2006. *See* ¶¶ 7(a)(i), 11(a)-(b). On October 11, Your Honor's Court Clerk, Matthew Alsdorf, informed counsel that Your Honor typically does not permit a suspense period to last more than 30 days, and that the parties should request any exception in writing.

The parties request the 100-day suspense period in order to facilitate the intricate series of transactions that must occur for each party to fulfill its obligations. The Settlement Agreement provides for the refinancing of the underlying loan transaction that is the subject matter of this suit. The parties to the Settlement Agreement—which include not only the parties to this lawsuit, but also the various other parties to the underlying multimillion dollar loan transaction—must undertake a number of tasks to complete the restructuring. The Settlement Agreement also provides for the settlement of a case filed in the United States District Court for the Northern District of California, encaptioned *SVC-Napa, L.P. v. Strategy Resort Financing, Inc., et al.*,

---

* Defendant Michael Kelly has been dismissed from this action. Defendant John Hamilton has not been served.

Hon. Denise L. Cote
October 27, 2006
Page 2

transaction. In light of the complex and time-consuming steps that must be undertaken, each of the parties has agreed that a 100-day suspense period would most effectively enable the settlement to be completed.

In addition, and equally important, the 100-day suspense period has been agreed to in order to protect each of the parties against any potential consequences of a bankruptcy or insolvency and the attendant preference period, which might frustrate the loan refinancing and potentially undermine the Settlement Agreement. *See* Settlement Agreement ¶¶ 7(a)(ii)-(iii).

Accordingly, the parties respectfully request that Your Honor approve the settlement and stay this action in all respects until January 10, 2007.

Respectfully,

Charles D. Schmerler

Agreed:

John A. Basinger, Esq.
Baker & McKenzie LLP
1114 Avenue of the Americas
New York, New York 10036
Attorneys for Defendants
Strategy International Insurance Group, Inc.
and Strategy Resort Financing, Inc.

Encl.

cc: John A. Basinger, Esq.

*The parties may make such adjustments to the 8/10/06 scheduling order as they agree, except that the Pretrial Order remains due on May 18, 2007.*

*Denise Cote*
*October 27, 2006*

J.Cote10-27-06.doc